## MANWEILER ET AL. *v.* TRUMAN.

[No. 10,003.   Filed December 17, 1919.]

1. APPEAL.—*Right of Review.—Objections in Court Below.—Coappellee's Motion for New Trial.*—Where three defendants appealed, one of them who filed no motion for new trial is in no position to complain of the ruling on the motion made by the other two defendants and, no other error being assigned, the judgment must for that reason be affirmed as to him. p. 659.

2. APPEAL.—*Joint Assignment of Error.—Effect Under Statute.*—Under §4, Acts 1917 p. 523, §691d Burns' Supp. 1918, an assignment of error joint as to three appellants, will be treated as separate as to each. p. 660.

3. APPEAL.—*Evidence.—Fraud.—Review.*—Whether certain false representations were known to be such by their makers, and whether they acted in good or bad faith in making them, being questions of fact for the jury in an action founded thereon, the verdict must stand if there be any evidence to support it, and the Appellate Court will not weigh the evidence in view of the superior opportunities for observation enjoyed by the trial court and jury. p. 660.

4. TRIAL.—*Evidence.—Exclusion of Immaterial Uncontradicted Testimony.*—Where all three defendants had testified uncontradictedly to an immaterial circumstance, it was not improper to refuse to allow another witness for defendants to testify again to such circumstance. p. 661.

5. APPEAL.—*Bond.—Liability.—Affirmance as to Coappellant.*—In a term-time appeal by three defendants, where the judgment must be affirmed against one, there is a liability on the appeal bond therefor, even though there were reversible error as to the other two defendants. p. 662.

From Allen Circuit Court; *J. W. Eggeman,* Judge.

Action by Alice Truman against Frank Manweiler and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Lee J. Hartzell* and *Levi A. Todd,* for appellants.
*T. E. Ellison,* for appellee.

McMahan, J.—The appellee commenced this action against Frank Manweiler, Martin Jones and Mark W. Jones, and in her complaint alleged that said parties came to her home and represented to her that said Frank Manweiler was sick with lung fever; that they had no place where he could be taken care of, and requested her to take him into her house and care for him until he was well enough to be moved; that he was so sick that he could not be taken to a hospital; that said Frank Manweiler was not ill with a contagious disease; that she told them that she could not take him or care for him if he was sick with a contagious disease; that she relied upon appellants' statement that he was not sick with a contagious disease, and took him into her house; and that a short time thereafter she learned that he was so ill with diphtheria that he could not be moved; and that in order to save his life she nursed and cared for him. It is also alleged that when appellants made said representations to appellee they knew of said Frank Manweiler's true condition, and by reason of their said false statements caused her to take him into her house and home. The cause was tried by a jury, and resulted in a verdict and judgment against all three appellants for $100. The appellants Frank Manweiler and Mark W. Jones filed a joint motion for a new trial, which was overruled. All three appellants appeal and jointly assign as error the action of the court in overruling the motion for a new trial. Martin Jones, having filed no motion for a new trial, is in no position to complain of the action of the court in overruling the motion of the other two appellants and, as to him, the judgment must for that reason be affirmed.

Appellee contends that, the assignment of error being joint as to all three appellants, and no motion for a new trial having been filed by Martin

2. Jones, the judgment must be affirmed as to all, and cites *Coffin* v. *Pfau* (1916), 61 Ind. App. 384, 112 N. E. 21; 117 N. E. 869, in support of this contention. The case cited supports this contention, but appellee has overlooked §4, Acts 1917 p. 523, §691a *et seq.* Burns' Supp. 1918, which provides: "That all assignments of error on appeal whether joint or several shall be taken and construed as the joint and several assignment of each party joining therein." This statute requires us to treat the assignment of errors as a separate assignment by each appellant.

Appellants contend that there is no evidence of intent or design on their part to perpetrate a fraud upon appellee; that whatever statements were

3. made by them to appellee were made in good faith and based upon the statement of a reputable physician. The question whether the appellants falsely represented to appellee that Frank Manweiler was sick with lung fever when they knew he was suffering with diphtheria, or whether they acted in good faith with appellee, was a question of fact for the jury, and, if there is any evidence to support their verdict, it must stand. The jury in connection with their general verdict at the request of appellants answered certain interrogatories. By these answers the jury found specifically that appellants, at the time they took Frank Manweiler to the home of appellee, knew he was suffering with a contagious disease, and that they then knowingly perpetrated a fraud upon her.

While it may be said that the evidence is not very

satisfactory on the question whether appellants acted in good faith or not, there was some evidence of bad faith on their part. The jury saw and heard the witnesses while testifying. They were in position to observe their looks, their manner and conduct, their intelligence or ignorance, their powers of perceiving facts, and their capacity for remembering and stating them. They were thus enabled to know whether the witnesses testified willingly or reluctantly, and, in a word, it may be said that the jury had virtually all of the means by which they could test the credibility which should be accorded to any or all of the witnesses who testified. On appeal, however, we are deprived of all the above-mentioned tests or means to guide us in ascertaining the credibility of the witnesses or in determining the weight to be given to their testimony. We have nothing but the inanimate record of the evidence before us in which the words of one witness may mean the same as the words of another. In view of the disadvantage under which we are placed, we must decline to weigh the evidence, if there is any to support the verdict of the jury. The trial judge, in overruling the motion for a new trial, in a sense approved their verdict. We cannot set our judgment of the weight of the evidence and credibility of the witnesses against that of the jury and the trial judge, and say there is reversible error on the ground that the verdict is not sustained by sufficient evidence.

Appellants also contend that the court erred in refusing to permit them to prove by Ethel Bunker, who was the cook at the Jones camp, that Frank Manweiler was at the camp on the Saturday evening before he was taken sick. There

was no error in sustaining an objection to this testimony. All three of the appellants had testified to that fact and no witnesses had testified to the contrary. The question whether he was at the camp Saturday evening was immaterial and not relevant to any of the issues. It did not tend to dispute or impeach any evidence given on behalf of appellee. There being no reversible error, the judgment must be affirmed

This is a term-time appeal in which the appeal bond is signed by the appellant Frank Manweiler and his mother Mary Manweiler. In view of the fact 5. that the judgment must be affirmed as to the appellant Martin Jones, it would seem that appellant Frank Manweiler and his mother are liable on their bond for the payment of the judgment against Martin Jones, even though there was reversible error as to the other two appellants.

Judgment affirmed.