CHADWICK *v.* MILLER ET AL.

[No. 18,711.   Filed March 22, 1956.]

*Edgar W. Atkinson* and *Hugh G. Sanders,* of Auburn, for appellant.

*Alphonso C. Wood* and *Donald L. Trennepohl,* of Angola, for appellees.

PFAFF, P. J.—The facts which give rise to this litigation may be summarized as follows: Prior to March 23, 1935, appellant and Ruth Helen Chadwick were husband and wife and were the owners as tenants by the entireties of the real estate that is the subject of this action. On said last-mentioned date Ruth Helen Chadwick was granted a divorce from appellant in the Circuit Court of Washtenaw County, Michigan. Both parties were at said time residents of said county and state. By the terms of the decree of divorce the real

estate involved herein was awarded to the said Ruth Helen Chadwick and appellant was ordered to execute a deed of conveyance to her for said property. By terms of the decree other real estate of the parties was set off to the appellant, which he accepted. Both parties were present in court, in person and by their attorneys, at the time said judgment was entered. Appellant never complied with the order of the Washtenaw Circuit Court to execute the said deed.

On October 31, 1936, the said Ruth Helen Chadwick caused to be entered in the deed records in the office of the Recorder of Steuben County, Indiana, a certified copy of the decree and judgment of the Washtenaw County Circuit Court. On or about August 22, 1938, Ruth Helen Chadwick conveyed by warranty deed the real estate involved in this case to the appellee, Daniel Miller, who immediately took open and notorious possession of the said real estate.

Subsequently, said appellee Miller platted lots on this property, cleared brush and undergrowth, laid out and constructed roads, tiled and drained the low ground, built a home and store building thereon, set out orchards and sold lots from the platted portion.

Within three or four years after appellee had acquired this real estate, the appellant, who had remarried, took up residence in the village of Pleasant Lake, Steuben County, Indiana. He visited the property and saw the work appellee was doing. Sometime after he visited appellee on the property appellant asked appellee to loan him the abstract of title to the property so that he could get the description to another piece of property not owned by the appellee. Appellee gave an abstractor the abstract and a copy was furnished appellant. During all the years prior to the commencement of this

action appellant never asserted any title or interest in this real estate.

Some time prior to June 8, 1951, Ruth Helen Chadwick died. After her death appellant brought this action against the appellees for partition of said real estate. His complaint averred he and appellees were the owners of said real estate as tenants in common; that he desired to have his one-half set off to him but said property is indivisible and, therefore, should be sold and the proceeds distributed to the parties according to their respective interests. Appellees filed their answer in two paragraphs and their cross-complaint in two paragraphs. The first paragraph was one of denial under the rules. The second averred the divorce of appellant and Ruth Helen Chadwick and incorporated in said answer the records of the Washtenaw County Circuit Court in said action, and further averred that appellant had accepted the certain personal property and real estate awarded to him in said divorce decree. The cross-complaint sought to have the appellees' title to said real estate quieted. The averments herein were substantially the same as those in their answer. The appellant's demurrers to the answer and cross-complaint were overruled. Trial to the court resulted in judgment against appellant on his complaint and quieting appellees' title to said real estate.

The errors assigned are the overruling of appellant's demurrers to the second paragraph of appellees' answer and to each paragraph of the cross-complaint and to the overruling of his motion for new trial. The specifications of that motion are that the decision of the court is not sustained by sufficient evidence and that it is contrary to law.

In the argument portion of his brief appellant asserts that each assignment of error and the specifica-

tions of the motion for a new trial present the same question and, therefore, he combines these for the purpose of argument, namely, (1) Could the Circuit Court of Washtenaw County, Michigan, by its decree, transfer title to real estate located in Steuben County, Indiana; (2) Did the appellant, by any act of his, induce the appellees to purchase the real estate described in the complaint from Ruth Helen Chadwick; (3) Was it necessary for appellees to rely on the strength of their own title in order to quiet their title to the real estate described in their cross-complaint.

In 27 C. J. S., §330, pp. 1287, 1288, the rule is stated as follows:

"Since jurisdiction to render a judgment in rem inheres only in the courts of the state which is the situs of the res, a divorce decree which attempts to settle the title to lands in another state, by operation directly on the title, *and not by compelling the holder of the title to convey,* is void, and not res adjudicata of the same claim in an action between the same parties and involving the same land. The same rule has been applied, in some jurisdictions, to land situated in another county. *It is well established, nevertheless, that a court of chancery, in a proper case, has power to compel a conveyance of lands situated in another country or state, where the persons of the parties interested are within the jurisdiction of the court. Such a decree in nowise affects the title to the land; it is the conveyance, not the decree, that transfers the title.* The decree acts only on the person, and obedience is compelled by proceedings in the nature of contempt, attachment, or sequestration. The court has no power to validate a conveyance of the foreign lands, made by its master or commissioner, in default of the performance of the decree by the party. The foreign decree directing a conveyance is, when not complied with, a sufficient basis for an action in a court of the state where the land is situated, and to which the party not complying with the decree has removed, to compel such con-

veyance; and in such action the court may render a decree in personam against such party requiring him to make the conveyance." (Our emphasis). Citing numerous authorities.

In 31 Am. Jur., §453, p. 103, it is stated:

"A corollary of the rule that to invest a court with jurisdiction to render a judgment in rem, the res must be within the state or country pronouncing the judgment, and within the jurisdiction of the court, is that a judgment in rem has no extra-territorial effect or efficiency beyond the state or jurisdiction of the court which renders it." With cases cited.

We are of the opinion that the Washtenaw County Circuit Court had the right and authority to compel appellant to convey the real estate in question to the appellees because at the time that the decree and judgment was made that court had jurisdiction over the parties. It could have enforced the judgment by proceedings in contempt. However, as shown above, that judgment and decree did not transfer title from appellant to appellees. Therefore, the recording of said judgment in the office of the Recorder of Steuben County, Indiana, could not and did not effect a transfer of the title to this property.

Appellees, in answer to the second question, assert appellant is estopped from asserting any interest in this real estate for each of the following reasons:

(1)   The appellant is estopped because, under all the facts, it was his obligation to assert his claim, if he had one, when he remained silent;

(2)   The appellant is estopped because the facts are undisputed that he accepted all the provisions inuring to his benefit under the judgment;

(3)   The appellant is estopped because the property rights and the divisions thereof between Ruth Helen Chadwick and himself were determined by the judgment of the Circuit Court of the County of Washtenaw in Chancery, and the issues which he now seeks to submit to the Steuben County Circuit Court are res adjudicata.

In 50 A. L. R. 672, it is stated as follows:

"In the leading American case, Wendell v. Van Rensselaer, decided in 1815, the law was thus laid down by Chancellor Kent: 'There is, no principle better established in this court, nor one founded on more solid considerations of equity and public utility, than that which declares that if one man knowingly, though he does it passively, by looking on, suffers another to purchase and expend money on land under an erroneous opinion of title, without making known his claim, he shall not afterwards be permitted to exercise his legal right against such person. It would be an act of fraud and injustice, and his conscience is bounded by this equitable estoppel. "Qui Tacet consentire videtur." "Qui potest et debet vetare, jubet." ' " Citing authorities.

In the case of *Bahar et al.* v. *Tadros, etc., et al.* (1953), 123 Ind. App. 570, 584, 112 N. E. 2d 754, this court said:

"  . . . It is a general rule that silence and acquiescence, when good faith requires a person to speak or act, are, in the matter of estoppel, equivalent to express affirmation." Citing authorities.

On the record herein as shown by the facts hereinbefore set out as to appellant's conduct over the years as a neighbor of appellees, we are of the opinion that he is estopped from now asserting any title to this property.

In answer to the third question this court, in the case of *Hughes et al.* v. *Cook, Trustee etc., et al.* (1955), 126 Ind. App. 103, 130 N. E. 2d 330, said:

" . . . In an action to quiet title to real estate the plaintiff must prevail on the strength of his own title. The failure of the defendant to establish title to the real estate in question can furnish no ground for a recovery by a plaintiff. *Graham et al.* v. *Lunsford et al.* (1897), 149 Ind. 82, 48 N. E. 627; *Chapman et al* v. *Jones et al.* (1898), 149 Ind. 434, 47 N. E. 1065, 49 N. E. 347; *Ragsdale et al.* v. *Mitchell* (1884), 97 Ind. 458."

In view of what we have heretofore said it is apparent appellees did not have legal title to this property; therefore, that part of the judgment quieting their title to the real estate is reversed and that part of the judgment denying appellant relief is affirmed.

NOTE.—Reported in 133 N. E. 2d 67.