WRIGHT *v.* STATE OF INDIANA.

[No. 29,556. Filed January 30, 1958.]

594

James E. Rocap, Jr., of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

ACHOR, J.—This was a criminal action wherein appellant was charged by affidavit in two counts: (1) For burglary and removal of a safe, under §10-702a, Burns' 1956 Repl., (2) automobile banditry, under §10-4710, Burns' 1956 Repl. Appellant was tried by a jury and found guilty of both counts. The court entered judgment on count 2 and sentenced him to the Indiana State Prison for a determinate period of 10 years. A motion for new trial was filed and overruled and this appeal followed.

Appellant asserts here as cause for appeal grounds numbered 1 to 11, as stated in the motion for new trial. However, grounds numbered 6 through 11 are not supported by any cogent argument or citation of authorities. It is encumbent upon appellant on appeal, whether the cause be civil or criminal, to affirmatively show harmful error by argument and citation of authorities. Rule 2-17(e). Errors assigned and causes for new trial not so treated are deemed to be waived. Rule 2-17(f).

Our consideration therefore is limited to grounds 1, 2, 3, 4 and 5 of the motion for new trial.

As to grounds 1 and 2, appellant asserts that the verdict is not sustained by sufficient evidence and is contrary to law. His contention under these points is that he was not sufficiently identified to have been convicted of automobile banditry. Upon this issue appellant first questions the probative value of the identification made by Ovelle Calvelage when appellant was in the yard back of her apartment after appellant's arrest. It is not necessary that we

decide whether or not this evidence was either admissible or of probative value. The witness had already identified appellant in the court room as the man she had seen commit the burglary. Therefore, no issue exists as to the identification of appellant by the witness.

Appellant also argues that the 15 characteristics of his fingerprints described in evidence are not sufficient to serve as a standard for identification. The state's witness testified that 12 characteristics were all that were necessary and his testimony as an expert was not questioned. Appellant has not supported his argument by authorities on the above points as required by Rule 2-17(e), and as the sufficiency of the proof upon these points was a matter to be determined by the jury, and there was evidence of probative value in proof of each point, this court is not at liberty to weigh the evidence. No error is presented as to grounds 1 and 2.

As to ground 3, appellant asserts that the court erroneously admitted the testimony of the witness Ovelle Calvelage identifying appellant while in the yard back of her apartment the day following the burglary. The objection made to the testimony in the trial court is as follows:

"We object to that. She allegedly identified him in Court.
"They are attempting to bolster up the identification by prior identifications which they can't do."

The objection here is too indefinite to present any issue.

As to ground 4, appellant alleges that the court committed error in permitting the witness Ovelle Calvelage to testify that she had identified to an officer the car which appellant had used at the scene of the crime. The objection to the testimony and

the argument made regarding this evidence are the same as in the previous paragraph. Nothing is presented thereby.

As to ground 5, appellant asserts that the trial court committed reversible error in allowing Officer Simmons to testify as to what he did with certain loose material taken from the safe, from which materials another officer subsequently took a piece of metal which he identified as part of a hammer owned by appellant. Appellant describes this testimony as "highly prejudicial" to him. Obviously it was highly persuasive, but not prejudicial. Although Officer Simmons could not trace the course of the material from the time he took it from the safe until it was introduced in evidence, the chain of identification was completed by other witnesses.

Appellant has not shown any reversible error as to any of the above grounds.

Counsel for appellant asks this court to consider the fact that he was appointed by the trial court for the specific purpose of this appeal and, citing the fact that under our statute appellant is entitled to appeal as a matter of right,[1] counsel asserts that this court should make a critical examination of the record to determine whether any of the rights of the appellant have been violated, although such fact is not successfully presented in the briefs.

This court may, under extraordinary circumstances, search the record in order to accomplish substantial justice where it would otherwise be denied. However, the fact that an appeal is prosecuted at public expense as a matter of right does not, in itself, constitute such an extraordinary circumstance.

1. §9-2301, Burns' 1956 Repl.

The statute, although designed to give every recourse of the law to all persons convicted of crime, does not contemplate that this court shall adopt the role of co-counsel for the accused and, as such, participate in his defense merely because the appeal is prosecuted at public expense. In no instance is this court required to search the record to reverse. Flanagan, Wiltrout & Hamilton's Indiana Trial & Appellate Practice, ch. 56, §2783, p. 363.

Judgment affirmed.

Emmert, C. J., Arterburn, Bobbitt & Landis, JJ., concur.

NOTE.—Reported in 147 N. E. 2d 551.