CHADWICK ET AL. *v.* BAUGHMAN ET AL.

[No. 19,536. Filed February 6, 1963.]

*Edgar W. Atkinson* and *Hugh G. Sanders,* both of Auburn, for appellants.

*Trennepohl, Berger & Shoup* and *Wood & Wood,* both of Angola, for appellees.

KELLEY, J.—The appellant, Clifton W. Chadwick, was unsuccessful in his prior action to partition the real estate herein involved. See *Chadwick* v. *Miller et al.* (1956), 126 Ind. App. 325, 133 N. E. 2d 67.

Thereafter said appellant duly commenced this action against the herein appellees to quiet his asserted title to said real estate. The facts and circumstances which gave rise to both said actions are the same and are substantially delineated in said *Chadwick* v. *Miller* case, *supra.* It is unfruitful to here repeat said facts and circumstances other than to state that prior to March 23, 1935 the appellant, Clifton W. Chadwick, and one Ruth Helen Chadwick were husband and wife and the owners as tenants by the entireties of the aforementioned real estate. Both said persons then lived in the State of Michigan. Said Ruth instituted divorce proceedings against said appellant in the Circuit Court, in chancery, of Washtenaw County, Michigan, and on the date aforesaid was granted a divorce from said appellant. The said court, by its decree, awarded the said real estate to Ruth and ordered the appellant, Clifton, to execute

a conveyance of said property to her. Appellant, Clifton, never complied with said order and never conveyed the real estate to Ruth. Other real estate, including a parcel located in Steuben County, Indiana, was awarded and set off to said appellant, and he received and utilized the same to his own purposes. Ruth recorded a copy of the said decree in Steuben County, Indiana, and then conveyed the real estate to the appellee, Daniel Miller. The other appellees are the grantees, near and remote, of the said Daniel Miller and his wife.

In the instant case the appellees answered the quiet title complaint of the appellant, Clifton W. Chadwick, under the rules and further filed affirmative answers of estoppel and the statute of limitations. Appellant, Clifton W. Chadwick, filed replies to said affirmative answers. The appellees, Daniel Miller, Vera Miller and Wendell Munger filed a fourth paragraph of answer, pleading the proceedings, judgment and opinion of this court in the aforesaid case of *Chadwick* v. *Miller, supra,* and that the same constituted an adjudication of the cause of action alleged in the complaint of appellant, Clifton W. Chadwick. Appropriate reply was filed to said fourth paragraph of answer.

Appellees also filed their "cross-complaint" in three paragraphs. The first paragraph alleged legal ownership by the respective appelles of particularly described parts or portions of said real estate. The second paragraph averred that the respective appellees were the legal owners of an undivided one-half interest and the equitable owners of an undivided one-half interest of said particularly described parts or portions of said real estate. The third paragraph pleaded the jurisdiction of the Michigan court; the

judgment of divorce and award of the real estate to Ruth Helen Chadwick; the order against Clifton to convey the real estate to Ruth; the failure of Clifton to make such conveyance as ordered; the recording of the decree in Steuben County, Indiana; the ratification and confirmance of the decree by Clifton by reason of his acceptance of the benefits thereof; the conveyance by Ruth to appellee, Daniel Miller, and that the other appellees are the immediate and remote grantees of said Miller; that Ruth fully complied with the terms of said decree; and that appellants should be ordered to execute deeds to appellees conveying said real estate to the latter. Appellants filed specific denials of the allegations of each paragraph of said cross-complaint.

The issues so made were submitted to the court, without jury, for trial. The court found against appellant, Clifton, on his complaint; found for appellees on their cross-complaint; found that the appellants should make, execute and deliver to the respective appellees proper and sufficient deeds of conveyance of the several tracts of real estate within forty (40) days and upon their failure so to do that one John R. Berger should make such conveyances for and on behalf of appellants; and found that the claims of appellant to the real estate were without right and unfounded and that the title of the respective appellees as to each of the individual tracts of land described in their cross-complaint should be quieted. Consistent judgment followed the finding.

The motion for a new trial of appellant, Clifton W. Chadwick, on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law was overruled and this appeal followed.

Insofar as the issues presented by the complaint of appellant, Clifton W. Chadwick, are concerned, the specification of the new trial motion that the decision is not sustained by sufficient evidence is unavailing to him. Further, the decision of the court on such issues is not contrary to law because it was held in said *Chadwick* v. *Miller, supra,* case, upon facts identical to those here apparent, that said Clifton W. Chadwick was estopped to assert any title to the real estate here involved. Said Clifton W. Chadwick was the only plaintiff named in said complaint and he is bound by that adjudication. That there are additional parties defendant in this proceeding makes the said adjudication nonetheless binding upon said appellant, since such parties acquired their interests solely as grantees of the said Daniel Miller and his wife, Vera Miller, who were the defendants named in said partition suit brought by said appellant, Clifton W. Chadwick, and were the appellees named in the appeal brought by said appellant wherein he was declared to be estopped, as aforesaid.

The appellant, Edna K. Chadwick, was not a plaintiff in the present action and was not referred to in the complaint of appellant, Clifton W. Chadwick. She did not come into the case until the filing of appellees' cross-complaint, at which time she was named and duly served as a cross-defendant. She joined with appellant, Clifton, in answers filed to the cross-complaint. She filed no motion for a new trial nor did she join in the new trial motion filed by appellant, Clifton W. Chadwick. It follows that no error can be assigned by appellant, Edna K. Chadwick, since she cannot complain of the action of the court in overruling the motion for new trial filed by the appellant, Clifton W. Chadwick. As to

her the judgment stands affirmed. *Manweiler et al.* v. *Truman* (1919), 71 Ind. App. 658, 659, point 1, 125 N. E. 412; 2 I. L. E., *Appeals,* §494, note 38, p. 384.

The basic contention of error by the appellant, Clifton W. Chadwick, is predicated almost wholly upon the expressed postulation that the decree of the Michigan court, to the extent that it may affect title to the real estate in Indiana, is "absolutely void." However, said appellant has not presented us with an argument of sufficient cogency, clarity and substantiated authority to enable us to decide such a far reaching, closely knit and vital question. The question posed by appellant has provoked a vast array of cases, treatises and annotations thereon with searching analysis and tenderly balanced ratiocination as to the true doctrine to be adhered to in application to the ever differentiating facts of the particular case under observation and, further, the interpretation of the influence of the full faith and credit clause of the Federal Constitution (Art. 4, §1). And in the case now at hand regard would be also required of the interpretation and application of §3-1229, Burns' 1946 Replacement. Yet, notwithstanding the absolute necessity in this case of adequate exploration of such legal channels, appellant makes no mention thereof and seemingly leaves to us the task of ferreting out the correct and legally sound solution.

On the contention last mentioned, appellant offers as authority to support his broad statement that the decree of the Michigan court "attempting to transfer title to the real estate" is void, the *Chadwick* v. *Miller* case, *supra,* a section from 31 Am. Jur., a section from Vol. 7, Ruling Case Law, a section from Vol. 15, Ruling Case Law, and the case of *Bailey* v. *Tully,*

"145 A. L. R. Page 578." The only correct citation made is the citation to §1058, Vol. 7, Ruling Case Law. The Bailey v. Tully case is found in 145 A. L. R., page 578, but the state official record of the case is not given. Our own knowledge of the Chadwick v. Miller case, of course, leads us to it. None of the said cases or treatises are treated, considered, analyzed or applied by appellant to any point of fact or law as required by Rule 2-17(e).

The entirety of appellant's argument, in his brief, consists only of his stated conclusions, accompanied by unanswered questions. The burden is upon appellant on appeal to show error by the record, not by suggested avenues of investigation by this court. It has been held by the Supreme Court and this court that, under said Rule 2-17(e), the appellant on appeal must show harmful error by cogent argument and citation of authorities. *Wright* v. *State* (1958), 237 Ind. 593, 595, 147 N. E. 2d 551; *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, 566, 567, 159 N. E. 2d 134. In the case last cited, we said, apropos here:

"It is clear that appellant's 'Amended Argument' wholly fails to meet the requirements of Rule 2-17(e). Our Supreme Court has recently said that certain designated grounds of error in that case 'are not supported by any *cogent* argument or citation of authorities. It is incumbent upon appellant on appeal, whether the cause be civil or criminal, to *affirmatively* show *harmful error* by argument and citation of authorities. Rule 2-17(e). Errors assigned and causes for new trial not so treated are deemed to be waived. Rule 2-17(f).' (Our emphasis). *Wright* v. *State of Indiana* (1958), 237 Ind. 593, 595, 147 N. E. 2d 551. See also *Poore* v. *Poore* (1955), 125 Ind. App. 392, 394, 125 N. E. 2d 810. Appellant's argument in this case does not 'affirmatively' show harmful error but simply casts before this court

certain general contentions and abstract and incomplete legal pronouncements, with the apparent expectation that the court will rummage through the evidence and the decree of the trial court in quest of a suggested ground or reason for reversal of that court's determination of the action. We, of course, cannot assume the burden undertaken by and which rests upon the appellant.

"The argument portion of an appellant's brief must do more than set out appellant's unapplied statements, ideas or suggestions that the trial court has erred in certain mentioned respects. With the privilege of grouping, as provided for in said Rule 2-17(e), the argument should first direct the attention of the appellate tribunal to the particular assigned error, or to the particular specification in the motion for a new trial, as the case may be, upon which the appellant relies and intends to urge as an error warranting a reversal of the judgment appealed from. This should then be followed by a concise statement of the basis of objection to the complained of ruling, together with an exhibition of all pertinent points of fact and law sought to be presented and how they are applicable to the matter or particular error being discussed. Pertinent statutes, and authorities which support the points and contentions made, should be cited and, where deemed distinctively in point or particularly appropriate as analogous reasoning, quoted from.

"In the brief at hand, appellant has referred to some treatises, has cited some cases, and has quoted from some of them, but they have not been applied with cogent argument and direct or inferential ratiocination, to a designated error. Thus the court is left to read and decipher the doctrine of the cited cases, search for one or more of the assigned errors to which the doctrine might be applicable, and then analyze the evidence and construe the admitted documents with a view of ascertaining both whether some error has been committed and whether appellant has assigned that particular error on appeal. Such effort is not within the accepted function of the court."

Appellant has not substantially complied with said Rule 2-17(e) and has failed to establish or demonstrate any error by the record. Consequently,  the judgment appealed from must be affirmed.

Judgment affirmed.

Mote, P. J., Hunter and Pfaff, JJ., concur.

NOTE.—Reported in 187 N. E. 2d 588.