IRWIN *v.* KELLER.

[No. 20,089. Filed September 13, 1965.]

*R. M. Rhodes,* of Peru, and *Galeman Dexter,* of Plymouth, for appellant.

*Lloyd C. Wampler, Donald K. Travis,* and *Stevens and Wampler,* of Plymouth, for appellees.

FAULCONER, J.—This is an appeal from a judgment for damages awarded plaintiffs-appellees for breach of contract. Trial was by the court without the intervention of a jury. Appellant assigns as error the overruling of his motion for new trial, and the overruling of his motion to modify judgment.

The only ground of appellant's motion for new trial asserted in the argument section of appellant's brief is specification No. 6, i.e., "The finding of the Court is not sustained by sufficient evidence and is contrary to law."

While this court prefers to decide appeals on their merits, appellant must first comply with Rule 2-17(e), Rules of the Supreme Court, requiring, *inter alia,* that "[a]fter each assignment of error relied upon, . . . there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon. . . ."

Rules of the Supreme Court have the force and effect of law and are binding upon the courts as well as the litigants. *Israel* v. *Logansport Aerie No. 323* (1964), 136 Ind. App. 254, 199 N. E. 2d 730, 731.

The argument section of appellant's brief consists of three pages. One case is cited and two law encyclopedia references are given as authority—all, however, for one statement of law. The balance of appellant's argument consists of unsupported statements of law and conclusions of its author. The statement of what the judgment of the court was, is that of appellant only, and no attempt has been made to show this court in what manner the evidence fails to support the action of the trial court.

The Supreme Court in *Gilmore* v. *State* (1951), 229 Ind. 359, at page 367, 98 N. E. 2d 677, at page 681, in stating the duty of appellant, said:

"Appellant's original brief should not only present the issues to be decided upon appeal, but it should be of material assistance to the court in deciding those issues. . . .This court is entitled to have presented to it in more than a summary fashion the reasons why the action of the trial court has prejudiced the appellant." See also: 3 F. W. & H., Ind. Tr. & App. Pract., §2677, p. 310; 1963 P. P., p. 121.

Judge Kelley, speaking for this court in *Chadwick et al.* v. *Baughman et al.* (1963), 134 Ind. App. 305, at page 311, 187 N. E. 2d 588, said:

"The burden is upon appellant on appeal to show error by the record, not by suggested avenues of investigation by this court."

Our Supreme Court, as well as this court, has held that under Rule 2-17(e), *supra*, appellant, on appeal, must show harmful error by cogent argument and citation of authorities. *Wright* v. *State* (1958), 237 Ind. 593, 595, 147 N. E. 2d 551; *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, 561, 159 N. E. 2d 134.

It is our considered opinion that appellant has failed to substantially comply with Rule 2-17 (e), *supra*, and has, therefore, failed to properly demonstrate any reversible error by the record.

For the reasons hereinabove set forth the judgment must be affirmed.

Judgment affirmed.

Prime, P. J. and Carson, J., concur.*

---

*While Judge Martin participated in the hearing of oral argument and a conference of the judges above named, he was not present at the time of, and did not participate in, the adoption of this opinion.

Wickens, J., Not participating.

NOTE.—Reported in 209 N. E. 2d 926.