NOTE.—Reported in 210 N. E. 2d 127.

CONNER *v.* ALEXANDER.

[No. 19,833. Filed September 20, 1965.]

*Kimmell, Kimmell & Funk,* and *James W. Funk,* of Vincennes, and *Jack N. Cochran, Wendell Tennis* and *Tennis & Cochran,* of Sullivan, for appellant.

*Robert G. Lowry, George E. Taylor* and *Taylor & Taylor,* of Sullivan, and *Curtis G. Shake* and *Shake & Shake,* of Vincennes, for appellee.

FAULCONER, J.—Appellant, plaintiff below, prosecutes this appeal from an adverse verdict of the jury and judgment duly entered thereon. Appellant's motion for new trial was overruled and such action is assigned as error here.

Appellant argues the giving by the court, over objection, of defendant-appellee's Instruction No. 3, and specifically waives all other grounds in his motion for new trial.

Appellant's entire argument for reversal consists of approximately ten pages, nine pages of which are devoted to a verbatim statement of his assignment of error, appellee's Instruction No. 3, and appellant's objection thereto. Less than two pages can be considered as anything other than a repetitive statement of the record. Appellant cites no authority for his statement that the instruction was prejudicial to him and that it invaded the province of the jury and that, therefore, the cause should be reversed. Appellant, in fact, passes the burden to this court to substantiate his charge of error with authority and to apply his claim to the record of the cause. This we are not required to do.

On appeal the appellant has the burden to show error by the record, not by suggested avenues of investigation by this court. *Chadwick et al.* v. *Baughman et al.* (1963), 134 Ind. App. 305, 311, 187 N. E. 2d 588.

This court in *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, at page 566, 159 N. E. 2d 134, stated as follows:

"The argument portion of an appellant's brief must do more than set out appellant's unapplied statements, ideas or suggestions that the trial court has erred in certain mentioned respects. With the privilege of grouping, as provided for in said Rule 2-17(e), the argument should first direct the

attention of the appellate tribunal to the particular assigned error, or to the particular specification in the motion for a new trial, as the case may be, upon which the appellant relies and intends to urge as an error warranting a reversal of the judgment appealed from. This should then be followed by a concise statement of the basis of objection to the complained of ruling, together with an exhibition of all pertinent points of fact and law sought to be presented and how they are applicable to the matter or particular error being discussed. Pertinent statutes, and authorities which support the points and contentions made, should be cited and, where deemed distinctively in point or particularly appropriate as analagous reasoning, quoted from."

Both the Supreme Court and this court have held that under Rule 2-17(e), Rules of the Supreme Court, appellant must show harmful error by cogent argument and citation of authorities. *Wright* v. *State* (1958), 237 Ind. 593, 595, 147 N. E. 2d 551.

The rules of the Supreme Court have the force and effect of law and are binding upon the courts as well as the litigants. *Israel* v. *Logansport Aerie No. 323* (1964), 136 Ind. App. 254, 199 N. E. 2d 730, 731.

In our opinion appellant has not sufficiently complied with Rule 2-17(e), *supra,* and, therefore, the judgment should be affirmed.

Judgment affirmed.

Prime, P. J. and Carson, J. concur.*

Wickens, J. not participating.

NOTE.—Reported in 210 N. E. 2d 126.

---

*While Judge Martin participated in the hearing of oral argument and a conference of the judges above named, he was not present at the time of, and did not participate in, the adoption of this opinion.