FREEMAN *v.* KING.

[No. 20,519. Filed November 27, 1967. Rehearing denied January 15, 1968. Transfer denied March 18, 1968.]

*Hickam and Hickam,* of Spencer, for appellants.

*James M. Houck,* of Greencastle, for appellee.

FAULCONER, J.—The appellant Floyd Freeman filed a complaint in two paragraphs against the appellee Thomas H. King to recover damages for personal injuries he allegedly sustained, and for loss of services and medical expenses he allegedly incurred as a result of injuries sustained by his wife Shirley I. Freeman and their minor daughter Brenda Kay Freeman as a result of a collision between an automobile being driven by appellant Floyd Freeman in which Shirley I. Freeman and Brenda Kay Freeman were passengers, and a truck being driven by appellee Thomas H. King. The appellant Shirley I. Freeman filed a separate complaint against appellee-King for injuries she allegedly received in the same collision. Appellee-King filed a countercomplaint against appellant Floyd Freeman for damages for personal injuries he allegedly received and for damage allegedly caused to his stock truck.

The issues were joined and the causes were consolidated and trial was had before the court without a jury. The trial court found for the respective defendants on the complaints and on the countercomplaint, and entered judgments accord-

ingly. Floyd Freeman and Shirley I. Freeman each filed separate motions for new trial which were overruled, and such rulings are the only errors assigned on this consolidated appeal.

We are here concerned only with the actions filed by appellants Shirley I. Freeman and Floyd Freeman as plaintiffs against Thomas H. King as defendant.

The finding and judgment in the *Shirley I. Freeman* case reads as follows:

> "Court having had said cause under advisement and having considered the evidence now finds for the defendant upon plaintiff's complaint and against the plaintiff. Court further finds that plaintiff shall pay the costs of this action. All of which is accordingly, ordered, adjudged and decreed by the court. Judgment."

The finding and judgment in the *Floyd Freeman* case reads as follows:

> "Court having had said cause under advisement, and having considered the evidence now finds for the defendant upon plaintiff's complaint and against the plaintiff and finds for the cross-defendant upon defendant's cross-complaint and against the cross-complainant. And the Court now finds that the parties are to pay the costs of this action. All of which is accordingly, ordered, adjudged and decreed by the court. Judgment."

From the above, we cannot say that the general findings for each defendant and against the above plaintiffs were based on the failure of the plaintiffs to prove negligence on the part of the respective defendants, or that such findings and judgments were based upon findings of contributory negligence on the part of the respective plaintiffs.

> We must uphold the trial court if it possibly can be done. We will adopt that theory which will affirm the decision of the trial court if sustained by sufficient evidence.

"The judgment of the trial court in this case must be affirmed if it can be sustained on any theory presented by the issues." *Devine* v. *Grace Construction and Supply Co.* (1962), 243 Ind. 98, 101, 181 N. E. 2d 862.

"It has been held many times that all reasonable presumptions are indulged on appeal in favor of the rulings and judgments of a trial court, that the record must exhibit the errors for which the reversal is sought, and that a court of appeals will not presume anything in favor of appellant to sustain his alleged error." *N.Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 189, 106 N. E. 2d 453.

We will not search the record to reverse, nor weigh conflicting evidence.

We will look to the evidence most favorable to the appellee and first examine the theory that the trial court determined from the evidence that the defendant was not guilty of the negligence charged. There is no dispute concerning the fact that appellee-King, while traveling south on State Road 43, made a left turn crossing that half of State Road 43 upon which appellants were traveling north.

Both plaintiffs allege in their respective complaints substantially the same acts of negligence on the part of appellee-King, as follows:

Defendant carelessly and negligently failed and refused to yield the right-of-way to plaintiff and said Chevrolet automobile which plaintiff was driving north bound in the east one-half of the State Road 43 in the traffic lane for the north bound traffic.

While plaintiff, driving said Chevrolet, was north bound and so close to the intersection of Jim Street and Road 43 as to constitute an immediate hazard, defendant, while driving southbound on Road 43, turned his vehicle to the left and across the northbound traffic lane and immediately in front of and into and against the automobile in which plaintiff was riding, causing said vehicles to collide violently in said northbound traffic lane.

Defendant carelessly and negligently failed to keep and maintain a lookout for other persons and automobiles properly and lawfully using said highway at said intersection,

including plaintiff and the automobile in which she was riding.

Defendant carelessly and negligently failed to have and keep his automobile under control so as to be able to bring the same to a stop in order to avoid collision with others, including plaintiff and the automobile in which she was riding, and who might be and were lawfully using the north-bound traffic lane of Road 43.

Defendant carelessly and negligently failed to apply his brakes in time to avoid striking the automobile in which plaintiff was riding as a passenger.

Defendant carelessly and negligently failed to give a proper signal of his intention to turn his vehicle to the left into said Jim Street.

Assuming, arguendo, that the left turn made by King was a violation of Acts 1939, ch. 48, § 78, p. 289, § 47-2027, Burns' 1965 Repl., such would be negligence as a matter of law unless the evidence further shows that compliance with the provisions of the statute or ordinance was impossible, or non-compliance was excusable. *Jenkins* v. *City of Fort Wayne* (1965), 139 Ind. App. 1, 210 N. E. 2d 390, 393, (Transfer denied) ; *New York Central Railroad Co.* v. *Glad* (1962), 242 Ind. 450, 458, 179 N. E. 2d 571; *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 398, 399, 98 N. E. 2d 896.

In the present case the theory that the findings and judgments of the trial court for the respective defendants were due to failure of proof of negligence on the part of each defendant will accomplish an affirmance of the decisions of the trial court.

To support the theory that appellants failed to prove the negligence charged to defendant-appellee, or that the evidence showed impossibility or excuse for complying with the left-turn statute on the part of the defendant, the trial court could have found or inferred from the evidence, including the exhibits, that as appellee approached the Jim Street intersection he switched on his turn signal, and that the signal was work-

ing continuously until after the collision; that as he prepared to turn left into the Jim Street Road his view of the approaching traffic was obstructed by a hillcrest situated more than 92 feet south of the point where he made his turn; that there was a blind spot for 200 feet south of the hillcrest; that appellant's car was in this blind spot when appellee looked for oncoming traffic preparatory to making his turn; and that appellee was unaware of the existence of this blind spot. The court could have further found from the evidence that at the time of the collision appellee's truck was completely off of the highway.

We are of the opinion that the evidence or reasonable inferences therefrom is sufficient to sustain the finding of the trial court on the theory that defendant-appellee was not proven guilty of negligence which was the proximate cause of plaintiffs' injuries.

Appellant Floyd Freeman also specifies as error the refusal of the trial court to allow appellant's witness, a physican, to testify to the "probable costs of plastic surgery to remedy the scarring condition that you find in Floyd Freeman," and refusing his offer to prove the answer, "approximately $1000."

This evidence has bearing only upon the amount of damages and since the finding of the trial court was for appellee-King and against appellant Floyd Freeman on the issue of negligence, such alleged error is irrelevant.

Lastly, both appellants allege error in the trial court's sustaining of appellee's objection to appellants' Exhibit "E," being a map of the scene of the accident drawn by the State Police Officer who investigated the alleged collision.

Appellants favor us with many quotes from texts and decisions regarding the general law concerning admission of maps, plats, diagrams and photographs. However, appellants' only application to the facts of this case is their conclusion that "Exhibit E is most valuable as an aid in proof of facts which are pertinent to this case. While the trial court had a

measure of discretion in this matter, the exhibit should have been admitted in evidence and the court erred in excluding it."

The general law is succinctly stated in 13 I. L. E., *Evidence*, § 164, at pages 42-43, as follows:

"Ordinarily, courts receive private or unofficial maps, diagrams, or sketches for the purpose of giving a representation of objects and places which generally cannot otherwise be as immediately shown or described by witnesses, and when such documents are proved to be correct or are offered in connection with the testimony of a witness, they are admissible as legitimate aids to the court or jury.

. . . . .

"Whether or not it is proper to admit maps, diagrams, or the like in a particular case is a question resting in the discretion of the trial court, . . ."

In the argument section of appellants' brief no evidence is set out or referred to regarding such matters as the relevancy of the exhibit or whether or not it was correct, among others. Nowhere in the argument, other than appellants' conclusion, is any evidence or inference therefrom set forth that the trial court abused its discretion or that such action was prejudicial to appellants. We are left to search the record to sustain appellants' positions on this point, which we will not do on appeal. *Chadwick et al.* v. *Baughman et al.* (1963), 134 Ind. App. 305, 311, 187 N. E. 2d 588; *Wright* v. *State* (1958), 237 Ind. 593, 598, 147 N. E. 2d 551.

Finding no reversible error, the judgments of the trial court should be affirmed.

Judgments affirmed.

Carson, P. J. and Cooper , J. concur.

Prime, J. concurs in result.

NOTE.—Reported in 231 N. E. 2d 161.