Herbert W. WOODEN, Appellant,

v.

STATE of Indiana, Appellee.

No. 184S18.

Supreme Court of Indiana.

Dec. 2, 1985.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of robbery, a class B felony, I.C. § 35–42–5–1. A jury tried the case. Appellant received a fifteen year sentence.

Appellant raises four issues on appeal: (1) whether the trial court erred in admitting State's Exhibit No. 1 into evidence: (2) whether trial court erred in denying his motion for mistrial; (3) whether trial court erred in limiting the cross-examination of State's witness DeRee; (4) whether the evidence supports his conviction for robbery.

These are the facts from the record that tend to support the determination of guilt. On January 5, 1983, Mr. Paul DeRee was an assistant manager for the Wake-up Oil Station at 1501 East 34th Street, Indianapolis. At 5:30 a.m., DeRee and his brother-in-law opened the station. Prior to 6:00 a.m., appellant entered the station, pulled out a gun, and asked for the keys to the backroom. He searched DeRee and his brother-in-law, but was unable to find money on either of them. Then, appellant repeatedly demanded the keys to the safe; however, DeRee told him that he did not have the keys. Eventually, appellant found some money. Thereafter, he made the telephone inoperable and threatened to shoot them if they left the station. After appellant departed, DeRee left the station and telephoned the police. Two days later, DeRee observed appellant and followed him to an address. DeRee notified the police. Subsequently, DeRee identified appellant in a photographic array and in a physical lineup. DeRee also identified him at trial.

I

■ Appellant argues that the trial court erred in admitting State's Exhibit 2, a drawing of the area of the robbery. Specifically, he contends that the Exhibit was not drawn to scale and thus, it could only hinder the jury in its deliberations.

Demonstrative evidence of this type is admissible if the item is sufficiently explanatory or illustrative of relevant testimony to be of potential help to the trier of fact. McCormick, Evidence, § 213, p. 528. Whether or not it is proper to admit maps, diagrams or sketches in a particular case is a question resting in the sound discretion of the trial court. *Freeman v. King* (1967), 141 Ind.App. 655, 231 N.E.2d 161.

*Snyder v. State* (1979), 182 Ind.App. 24, 393 N.E.2d 802, 810.

State's witness, Paul DeRee, testified that the drawing would be of aid to him in describing the events of the robbery to the jury and that the drawing was a fair representation of the pertinent area. Furthermore, the prosecutor, through his questioning of DeRee, informed the jury that the plan had not been drawn to scale. Also, State's witness, McDougal, testified that the drawing was a fair representation of the pertinent area.

Under these circumstances, the admission of the drawing did no harm to appellant. The drawing was sufficiently illustrative of relevant testimony to be of potential help to the trier of fact.

II

Appellant argues that the trial court erred in denying his motion for mistrial. On the day of trial, appellant filed a Motion in Limine. The purpose of the motion was to prevent at trial any reference to a prior offense involving a gun in which appellant was a suspect. The trial court held a hearing on the motion. Subsequently, the trial court granted the motion with the exception that the police officer could explain how appellant was brought to his attention so long as there was no reference to the details of the incident or the gun. At trial, Detective Barton testified in relevant part as follows:

Q. In carrying out the goal, were you able to—from another police officer

or from any other source, get information of a person that you were able to obtain a photograph of that fit the description of the suspect in this robbery case:

A. Yes, I did.

Q. And, please tell the jury about that?

A. Okay, on the 13th which was after the robbery, Officer Todd, who was a district officer in that area, had taken a disturbance run to 3204 North Hovey and the suspect in the disturbance matched the same description, of the suspect we were looking for in the robbery of the Wake-Up oil, Officer Todd advised me of this information and also furnished me with the name of the suspect at which time I went back to police headquarters searched to see if the subject had ever been arrested because if he had we would have a picture on file and from that I obtained his picture, showed that same picture with six other look alikes, five look alike pictures to the Defendant or to the victim and the victim identified him.

Q. So, it's based on this information that he was included, is that correct?

A. Right ...

Q. Who was the suspect, what was his name?

A. Oh, okay, the suspect was Herbert Wooden.

■ After the conclusion of Detective Barton's testimony on direct examination, appellant moved, out of the presence of the jury, for a mistrial on the basis of a perceived violation of the order in limine in Detective Barton's testimony. The trial court denied the motion for motion for mistrial, and appellant expressly refused to request an admonishment on the basis that the prejudicial effect was too great to be cured.

A trial judge has broad discretion in determining whether or not to declare a mistrial, and ordinarily the prerogative to declare one will be exercised only as a last resort, i.e. only when the circumstances are such that the trial cannot be continued without subjecting the defendant to grave peril of grievous error. *White v. State* (1971), 257 Ind. 64, 272 N.E.2d 312.

Detective Barton's testimony was in conformity with the restrictions set up in the order in limine because it contained no reference to the details nor the involvement of a gun. The restrictions did fairly balance the interests of the prosecution in describing its investigation and the interests of the accused in a trial free of matter suggesting irrelevant immoral conduct on his part. The vestigial prejudice arising from the testimony connecting appellant with a prior offense did not rise to such a grievous level as to deny him a fair trial. The trial court therefore properly denied the motion for mistrial.

### III

■ Appellant argues that the trial court erred in limiting his cross-examination of State's witness DeRee. The pertinent part of the cross-examination is set forth here:

Q. And, you indicate you are now presently, a lot attendant at that same station?

A. No, sir.

Q. Which station are you a lot attendant at?

A. 38th and Guilford.

Q. Is that a Wake-Up Oil station.

A. Yes, sir.

Q. And, at the time this robbery occurred you were an assistant manager?

A. Yes, sir.

Q. Is a lot attendant position a higher position or a lower position than assistant manager?

A. It's a lower position.

Q. Why aren't you still the assistant manager at the location at 30th—34th and Sutherland?

Mr. Warden: Objection, Your Honor, that's hardly relevant to this case.

The Court: Sustained. Next question.

Appellant claims that the question was relevant as to prejudice and bias. His theory is that the witness may have been eager to solve the robbery in order to atone to his superiors.

Evidence of bias is not limited to the scope of direct examination, nor is such evidence collateral. *U.S. v. Baker* (6th Cir.1974), 494 F.2d 1262; *U.S. v. Blackwood* (2d Cir.1972) 456 F.2d 526, cert. denied, 409 U.S. 863, 93 S.Ct. 154, 34 L.Ed.2d 110; *U.S. v. Masino* (2d Cir. 1960), 275 F.2d 129; *U.S. v. Lester* (2d Cir.1957), 248 F.2d 329; *Bewley v. State* (1966), 247 Ind. 652, 220 N.E.2d 612; McCormick, Evidence 81 (1972).

*Clark v. State* (1976), 264 Ind. 524, 348 N.E.2d 27, 32.

However, in order to legitimate a subject matter for cross-examination for bias, the questioning party does not have to show that such matter will necessarily prove the witness' bias and prejudice, but only that there exists a reasonable degree of probability that the witness is biased or prejudiced because of this evidence.

*Clark, supra,* at 348 N.E.2d 27, 34.

Here, that reasonable degree of probability that the witness is biased or prejudiced because of the fact of his transfer of employment and alleged demotion as argued, is not present. The witness's efforts to bring the perpetrator of the robbery to justice were diligent in that he called the police immediately and in that he followed the perpetrator to his residence several days later. However, those actions and the testimony concerning them do not give rise to a reasonable inference of bias or prejudice relating to an attempt to impress his employer in order to atone for the robbery of the station. Rather, the witness's actions were those of a normal, conscientious citizen. It is highly speculative to assert that this witness's testimony was improperly influenced by a desire to gain a repromotion to assistant manager. Under such reasoning, one could equally assert that he was biased or prejudiced in favor of appellant in order to punish his employer for demoting him. The trial court correctly sustained the objection to appellant's question.

## IV

Appellant argues that there was insufficient evidence to support his conviction for robbery.

This court will not weigh the evidence nor judge the credibility of the witnesses. Rather, We will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Reed v. State* (1979), 180 Ind.App. 5, 387 N.E.2d 82; see also *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

*Bowen v. State* (1985), Ind., 478 N.E.2d 44.

In addition, a robbery conviction may be sustained on the uncorroborated testimony of one witness. *Martin v. State* (1983), Ind., 453 N.E.2d 1001, 1003.

The evidence recited in the statement of facts, including the eyewitness testimony of the victims, is clearly sufficient to support his conviction for robbery.

The conviction is affirmed.

GIVAN, C.J., and PRENTICE, PIVARNIK and SHEPARD, JJ. concur.