## OGLE v. STATE OF INDIANA.

[No. 22,194. Filed December 12, 1912.]

1. CRIMINAL LAW.— *Appeal.*— *Affidavit.*— *Sufficiency.*— *Waiver of Question.*—Appellant waives the question of the sufficiency of the affidavit on which he is prosecuted, by failing to discuss it, or to present any point or authority in regard to it. p. 673.

2. APPEAL.—*Review.*—*Sufficiency of Evidence.*—*Briefs.*—Where appellant makes no attempt to comply with Rule 22 of the Supreme Court, with respect to the evidence, and the points and authorities in his brief are statements of abstract propositions as to questions of variance, the court will decline to search the record to find what the evidence was, or to what evidence, if any, the points and authorities refer. p. 673.

From Hamilton Circuit Court, *Meade Vestal,* Judge.

Prosecution by the State of Indiana against Calvin Ogle. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Christian & Christian,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

MYERS, J.—Appellant was tried and convicted on a charge of petit larceny. He assigns as error, want of jurisdiction of the subject-matter, by reason of alleged failure to prove the venue, a question which could only arise on a motion for a new trial; error in overruling the motion to quash the affidavit, and in overruling his motion for

1. a new trial. He has waived the question of the sufficiency of the affidavit, by failure to discuss it, or to present any point or authority in regard to it. He made no attempt to comply with Rule 22 of this court, with

2. respect to the evidence. Aside from conclusions as to some matters, and one question, and the answer, as to matters not in issue, none of the evidence in any form is set out in any portion of the brief, and the points and authorities are statements of abstract propositions, as to questions of variance. To what they may apply, or as to what the evidence was, cannot be ascertained from the brief, and we must, under such circumstances, decline to search the record to find what it was, or to what evidence, if any, the points and authorities refer.

The judgment is affirmed.

NOTE.—Reported in 100 N. E. 5. See, also, under (1) 12 Cyc. 886; (2) 12 Cyc. 877.