SICHICK *v.* STATE OF INDIANA.

[No. 13,673.   Filed April 17, 1929.]

*Alfred P. Draper* and *Henry G. Doherty,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Virgil E. Whitaker,* Deputy Attorney-General, and *Albert M. Campbell,* for the State.

NEAL, J.—Appellant was charged by affidavit containing three counts with violations of the liquor law:

(1) Unlawful possession; (2) unlawful sale; and (3) maintaining a common nuisance. The jury returned a verdict of guilty on the third count of the affidavit. Appellant assigns error in overruling his motion for new trial.

The only error attempted to be presented is that the verdict of the jury is not sustained by sufficient evidence. In support thereof, appellant, under "Points and Authorities," states only abstract propositions of law supported by authorities, and without application to the error assigned or any division of the same. We would be justified under the rules to affirm the judgment without further discussion.

However, we believe that appellant desires to present for review an alleged inconsistent verdict of the jury, in this, to wit: The jury found the appellant guilty of unlawfully maintaining a common nuisance, to wit, a certain building where intoxicating liquor was sold, manufactured, bartered and given away in violation of law and where certain persons were then and there permitted to resort for the purpose of drinking intoxicating liquor as a beverage; that the jury did not find appellant guilty of either unlawful possession or sale under counts (1) or (2); therefore, it was equivalent to an express finding that appellant was not guilty of either unlawful possession or unlawful sale; that in order for the jury to have returned a verdict under the evidence of this case on the third count, it was necessary that appellant either have liquor unlawfully in his possession or that an unlawful sale, etc., be made as provided by the statutes. Appellant concludes, by this method of deduction, that the verdict was void for repugnacy.

In the case of *Morris* v. *State* (1819), 1 Blackf. (Ind.) 37, the plaintiff in error was indicted by the grand jury in two counts; the first count charged burglary, and the second larceny. The court said: "It cannot be sup-

posed that where there are two charges in an indictment, that an acquittal as to one can possibly vitiate the verdict of guilty as to the other."

Justice Brewer, in the case of *Dealy* v. *United States* (1894), 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545, said: "It is familiar law that separate counts are united in one indictment, either because entirely separate and distinct offenses are intended to be charged, or because the pleader, having in mind but a single offense, varies the statement in the several counts as to the manner or means of its commission in order to avoid at the trial an acquittal by reason of any unforeseen lack of harmony between the allegations and the proof. . . . Yet, whatever the purpose may be, each count is in form a distinct charge of a separate offense, and hence a verdict of guilty or not guilty as to it is not responsive to the charge in any other count."   We may well quote from the case of *Weinecke* v. *State* (1892), 34 Nebr. 14, 51 N. W. 307, as follows:   "The evidence would have justified a conviction under both counts of the information.   Both offenses were committed by the same person and at the same time.   It is, indeed, unexplainable how the jury arrived at the verdict returned.   As a separate offense is charged in each count, the verdict is not void.   The defendant cannot complain because he was acquitted of the first offense.   The error was in his favor."   And again in the case of *Griffin* v. *State* (1869), 18 Ohio St. 438, the court said:   "The theory of the law is, that each count of the indictment charges a distinct offense; hence it follows that the finding of the jury as to the particular count is independent of, and unaffected by, the finding upon another count."

Appellant in the affidavit was charged with three distinct violations of the liquor law, each a separate and a distinct crime.   Although of a similar nature, a verdict of acquittal on either the first or

second count, or both, did not render the verdict of guilty on the third count inconsistent or repugnant. 16 C. J. §2596; *Huffman* v. *United States* (1919), 259 Fed. 35; *Commonwealth* v. *Lowrey* (1893), 159 Mass. 62, 34 N. E. 81; *Corbin* v. *United States* (1913), 205 Fed. 278.

Appellant says: "Taking out of the evidence in the cause at bar that which was offered by the state as to sale and possession of intoxicating liquor, there remains insufficient evidence to convict under count three charging maintaining a nuisance." We are aware of no principle of law that would permit either a judge or jury upon the trial of the case, or a court of appeals upon review, to segregate the evidence in such a manner as appellant suggests. In the instant case, the evidence introduced under counts (1) and (2) would be competent evidence under count three. See *Huffman* v. *United States, supra.*

It has been repeatedly decided in our own state "that different crimes of the same character, growing out of the same transaction, may be charged in separate counts of the same affidavit." *Campbell* v. *State* (1925), 197 Ind. 112, 149 N. E. 903; *Rokvoc* v. *State* (1924), 194 Ind. 450, 143 N. E. 357.

In the case of *Boone* v. *United States* (1919), 257 Fed. 963, 968, the court said: "It is true, as claimed by counsel, that the evidence as to some of the other counts, especially the sixth and eighth, on which the defendant was acquitted, is stronger against the defendant than on this count; but it was for the jury to determine on what counts, if any, the defendant should be found guilty, and he certainly cannot complain of not having been found guilty on these counts."

It is needless to prolong this opinion. A review of the evidence discloses the appellant guilty of maintaining a nuisance; also the evidence would have sustained a conviction of the offense charged in

either the first or second count or both of them. The jury, for some unaccountable reason, found the defendant guilty on the third count and was silent as to the other counts. The appellant is in no position to complain. The verdict was more favorable than he had a right to expect under the evidence. No technical deduction should be allowed to defeat the ends of justice. The verdict was not inconsistent or repugnant and was supported by convincing evidence.

Judgment affirmed.