YIATROS *v.* COLE ET AL.

[No. 17,522. Filed October 3, 1946.]

*Glaser, Glaser & Block,* and *David J. Bentall,* all of Gary, for appellant.

*Wildermuth, London & Nehrig,* of Gary, Attorneys for appellee Arthur V. Cole.

HAMILTON, C. J.—Appellee Arthur V. Cole has filed a motion to dismiss this appeal for the reason that appellant has wholly failed to prepare and file a brief upon the assignment of errors in accordance with the requirements of Rule 2-17 of the Rules of the Supreme Court, 1943 Edition.

An examination of the appellant's brief discloses that appellee's objections are well taken. No attempt or effort whatsoever has been made by

appellant to comply with the requirements of Rule 2-17, *supra,* in the preparation of his brief.

The error assigned in this court is the ruling of the trial court in sustaining a demurrer to appellant's amended complaint. Appellant's brief does not set forth the amended complaint or the substance thereof. It does not set forth the demurrer or the memoranda attached thereto or the substance of either. The ruling of the lower court on the demurrer and the judgment rendered, if any, are not set forth, nor the substance thereof stated. Under the section of the brief entitled "Propositions and Authorities," the brief states only that: "The Court erred in sustaining the defendants' demurrer to plaintiff's amended complaint, and in dismissing plaintiff's suit. (R. 20, Assignment of Errors Nos. 3 and 4.)" The above is then followed by a section entitled "Argument." The brief wholly fails to treat the errors alleged in the order set out in the assignment and wholly fails to apply any principle of law to any alleged error. The brief does not contain any propositions or points and wholly fails to cite a single authority or any reason in support of any point or proposition. There is no index in the brief.

In short, there is an absolute failure to comply with the requirements of Rule 2-17, *supra,* in the preparation of appellant's brief and there is not a semblance of a good faith effort to comply with said rule.

There is nothing in appellant's brief by which this court can determine the sufficiency of the amended complaint without resorting to and searching the record; and this the court is not required to do. *Major* v. *Kaplan* (1943), 113 Ind. App. 486, 48 N. E. (2d) 82; *Crousore* v. *Crawley* (1943), 113 Ind. App. 529, 48 N. E. (2d) 834; *Appelby* v. *State* (1943), 221 Ind. 544, 49 N. E. (2d) 533.

The Supreme Court and this court have been extremely patient and tolerant in the matter of laxity and carelessness in the preparation of briefs in order to decide appeals upon the merits. In the instant appeal appellee's motion must be sustained if there is to be maintained any pretext of enforcement of Rule 2-17, *supra.*

Rule 2-17, *supra,* has the force and effect of law and is binding upon the litigant and court and cannot be entirely ignored as long as it remains in effect. █ *Franklin* v. *Lee* (1902), 30 Ind. App. 31, 62 N. E. 78; *Earl* v. *State* (1926), 197 Ind. 703, 704, 151 N. E. 3; *Thompson* v. *C. C. C. & St. L. Rwy. Co.* (1937), 105 Ind. App. 97, 100, 11 N. E. (2d) 81.

The motion to dismiss is sustained and the appeal is hereby dismissed.

DRAPER, J., not participating.

NOTE.—Reported in 68 N. E. (2d) 657.