POORE *v.* POORE.

[No. 18,595. Filed April 15, 1955.]

*Edward J. Morrison,* of Columbus, and *George H. Gossman,* of Seymour, for appellant.

*Thomas H. Branaman* and *Bruce Markel, Jr.,* both of Brownstown, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action brought by appellee against the appellant for an absolute divorce. Issues were joined by the appellee's complaint alleging cruel and inhuman treatment, and the answer of appellant thereto. Trial was had by the court and judgment was rendered granting appellee an absolute divorce. '

Errors assigned for reversal, and not expressly waived by appellant, are that the decision of the court is not sustained by sufficient evidence and is contrary to law, and that the court erred in overruling appellant's motion for a new trial based upon the grounds of insufficiency of the evidence and that the decision of the court is contrary to law.

From an examination of the briefs filed by the appellant herein it appears that appellant has stated a number of abstract propositions of law with reference to public policy, the doctrine of recrimination and of comparative rectitude, and urges that the evidence leads inescapably to the conclusion

that both parties were entitled to a divorce, and that therefore neither should have been granted a divorce. Such abstract propositions of law are not applied to the issues in the instant case nor to any rulings of the trial court, nor does the brief contain, under the heading "Argument," a specification of such of the assigned errors which are intended to be urged by the abstract propositions of law which are set out, and therefore, as to such matters, the appellant's brief does not comply with Rule 2-17 of the Supreme and Appellate Courts. By a long line of decisions of this court and the Supreme Court, it is well settled that the stating of an abstract proposition of law, and the failure to apply such proposition of law to the facts in issue under the assigned errors, is a waiver of the claimed error. *Waggoner* v. *State* (1949), 227 Ind. 269, 85 N. E. 2d 642; *Ogle* v. *State* (1912), 178 Ind. 672, 100 N. E. 5; *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697; *Carlin* v. *State* (1933), 204 Ind. 644, 184 N. E. 543; *Winters* v. *State* (1926), 199 Ind. 719, 154 N. E. 478; *Bleiweiss* v. *State* (1918), 188 Ind. 184, 119 N. E. 375, 122 N. E. 577; *McCord* v. *Strader* (1949), 227 Ind. 389, 86 N. E. 2d 441; *Sichick* v. *State* (1929), 89 Ind. App. 132, 166 N. E. 14. The Rules of the Supreme and Appellate Courts have the force and effect of law. *Ross* v. *Clore* (1947), 117 Ind. App. 548, 74 N. E. 2d 747; *Yiatros* v. *Cole* (1946), 117 Ind. App. 19, 68 N. E. 2d 657. Therefore, since such general propositions of law asserted in appellant's brief are not applied nor related to any particular specification of error, no question is presented as to such abstract proposition of law.

Furthermore, there is substantial evidence of probative value to support the judgment and decree of the trial court in awarding the appellee a divorce on the grounds of cruel and inhuman treatment, which the brief of appellant inferentially admits.

The trial court by its decision so found and this court therefore will not weigh the evidence. *Bitner* v. *Bitner* (1950), 228 Ind. 259, 91 N. E. 2d 169; *Rush* v. *Hunziker* (1940), 216 Ind. 529, 24 N. E. 2d 931.

The evidence relied upon by the appellant is his uncorroborated testimony which was specifically denied by the appellee, and in addition certain parts of appellant's testimony were disproved by the testimony of other disinterested witnesses. Such matters were for the trier of the facts to determine. The record shows a course of conduct consisting of the use of vile names and epithets in a more or less continued contemptuous attitude and manner toward appellee, the locking out of appellee from her home, and other evidence which is clearly sufficient to have justified the trial court in granting appellee a divorce.

The judgment and decision of the lower court was sustained by sufficient evidence and was not contrary to law.

Judgment affirmed.

NOTE.—Reported in 125 N. E. 2d 810.