IN THE MATTER OF THE ESTATE OF STUART ET AL.
*v.* KESTERSON ET AL.

[No. 19,114. Filed June 18, 1959. Rehearing denied September 17, 1959. Transfer denied November 16, 1959.]

*Hillis & Hillis,* of Logansport, *Morrison & Morrison,* of Frankfort, *Donald Bolinger,* of Kokomo, and *Leon J. Mills,* of Indianapolis, for appellant.

*Marshall, Hillis & Hillis,* and *John Marshall,* of Kokomo for appellees.

RYAN, J.—This is an appeal from the revocation of letters of administration issued to the appellant, Floyd E. Harper, by the Howard Superior Court.

While it is the policy of the Appellate Court to determine the causes before them upon the merits, if such can reasonably be done, the rules of the Supreme Court relating to matters to be contained in the appellant's brief must be substantially observed in order to present the question to the court. The appellant's brief should be so prepared that each Judge considering the brief alone and independently of the transcript can intelligently consider the questions presented to the court. It is not the duty of the court to search the record to reverse the lower court. I. L. E. Appeals, §383.

Appellant's brief fails to set out the application for letters of administration, the petition to revoke the

letters improvidently issued, the special findings of fact and conclusions of law, or the judgment of the trial court.

"It is not necessary to copy the formal parts such as the caption and signature unless some question is involved concerning them. Unless the pleadings appear in the brief, no question is presented. A number of cases suggest that the substance of the pleadings is sufficient. Good practice requires verbatim copies." Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, §2677, Comment 7 (a) ; I. L. E. Appeals, §384.

Further, Rule 2-17 (e) provides that the brief shall contain in the argument portion a specification of the assigned errors that are intended to be relied upon and each cause in the motion for a new trial which is intended to be urged. Appellant has totally failed to comply with this section of the rule. The concise statement of the record consists of a great deal of argument and the brief fails to set forth the motion for a new trial and the grounds thereof, either verbatim or in substance. Having failed to present us with any question, the court will not search the record. *Williams* v. *Williams* (1953), 123 Ind. App. 495, 112 N. E. 2d 305; *Mendenhall, Extr., etc.* v. *Lay* (1953), 123 Ind. App. 486, 111 N. E. 2d 662; I. L. E. Appeals §384; Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice §2677, Comment 11.

Judgment affirmed.

Myers, P. J., Ax, J., concurring. Cooper, J., not participating.

NOTE.—Reported in 159 N. E. 2d 321.