## WYMAN *v.* TURPEN.

[No. 19,684. Filed February 6, 1962. Petition to reconsider ruling on motion to dismiss denied March 9, 1962.]

*Tennis & Cochran,* of Sullivan, for appellant.
*Bedwell & Bedwell,* of Sullivan, for appellee.

RYAN, C. J.—This was an action by appellee against the appellant for personal injuries and property damages resulting from an automobile collision. Trial was had by the court, special findings of fact and conclusions of law were made, and judgment was rendered for the appellee. The appellant assigns as error the overruling of her motion for a new trial, and that the court erred in its Conclusions of Law No. 1 and No. 2.

The appellee has filed his motion to affirm the judgment on the basis that appellant has failed to comply with Supreme Court Rule 2-17.

The fundamental purpose of any brief is to elucidate to the court and to cast light and knowledge upon the law and its applicability to the matter before the court. It is a statement of the case for the information of the court; *Gardner* v. *Stover* (1873), 43 Ind. 356; the vehicle of counsel to convey to the court the essential facts and questions of law involved; the law that should have been applied, and the application of that law to the case before the court. It is incumbent upon the appellant to affirmatively show harmful error by argument and citation of authorities whether the case be civil or criminal. *Wright* v. *State* (1957), 237 Ind. 593, 147 N. E. 2d 551. In the instant case, a careful review constrains us to hold that the defects go to the substance beyond the mere form.

The argument portion of the brief, while it contains some abstract propositions of law, completely fails to apply such propositions of law to the facts in issue under the assigned errors. This constitutes a waiver of the claimed error. *Poore* v. *Poore* (1954), 125 Ind. App. 392 (citing cases), 125 N. E. 2d 810.

As stated in *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, at page 566, 159 N. E. 2d 134, at page 139:

"Appellant's argument in this case does not 'affirmatively' show harmful error but simply casts before this court certain general contentions and abstract and incomplete legal pronouncements, with the apparent expectation that the court will rummage through the evidence and the decree of the trial court in quest of a suggested ground or reason for reversal of that court's determination of the action. We, of course, cannot assume the burden undertaken by and which rests upon the appellant.

"The argument portion of an appellant's brief must do more than set out appellant's unapplied statements, ideas or suggestions that the trial court has erred in certain mentioned respects. With the privilege of grouping, as provided for in said Rule 2-17 (e), the argument should first direct the attention of the appellate tribunal to the particular assigned error, or to the particular specification in the motion for a new trial, as the case may be, upon which the appellant relies and intends to urge as an error warranting a reversal of the judgment appealed from. This should then be followed by a concise statement of the basis of objection to the complained of ruling, together with an exhibition of all pertinent points of fact and law sought to be presented and how they are applicable to the matter or particular error being discussed.

The appellant in her brief has referred us to some cases, some treatises and some statutes, but does not apply them with cogent argument to, any designated error. She does not set out verbatim the relevant parts of the statutes relied upon, as required by Rule 2-17 (e). While it is the policy of this court to determine the causes before us upon the merits if such can reasonably be done, the rules of the Supreme Court relating to matters to be contained in the appellant's brief must be substantially observed in order to present the question to the court.

*Estate of Stuart et al.* v. *Kesterson et al.* (1959), 130 Ind. App. 130, 159 N. E. 2d 321.

"Thus the court is left to read and decipher the doctrine of the cited cases, search for one or more of the assigned errors to which the doctrine might be applicable, and then analyze the evidence and construe the admitted documents with a view of ascertaining both whether some error has been committed and whether appellant has assigned that particular error on appeal. Such effort is not within the accepted function of the court." *Ecker* v. *Fuchs, supra,* at page 567 of 129 Ind. App., at page 139 of 159 N. E. 2d.

Where the appellant fails to present any error for review or question for decision, we have no recourse but to affirm the judgment of the court below.

Judgment is therefore affirmed.

NOTE.—Reported in 179 N. E. 2d 758.