STADIUM REALTY COMPANY *v.* BILL ANDERSON SPRING SERVICE, INC.

[No. 19,433. Filed March 18, 1963.]

*Symmes, Fleming, Ober & Symmes, Frank A. Symmes,* and *Charles W. Symmes,* of Indianapolis, for appellant.

*Arthur J. Sullivan, Steers, Klee, Jay & Sullivan,* and *David L. Millen,* of counsel, all of Indianapolis, for appellee.

CLEMENTS, J.—Upon request of appellant oral argument in this case was set for January 31, 1963. On January 22, 1963, a joint petition was filed by appellant and appellee asking that the oral argument be waived and this cause submitted for determination upon the briefs, and an order was entered accordingly.

Rule 2-17 (e) of the Supreme Court provides, in pertinent part, as follows:

"(e) The brief shall contain under the heading 'Argument' a specification of such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relied upon — except the ruling on a

motion for a new trial, and after each cause for a new trial relied upon, there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon, and *setting out verbatim* the relevant parts of such statutes as are deemed to have an important bearing."

The argument portion of appellant's brief sets forth arguments and propositions of law, but sets forth very little authority, and completely fails to apply such propositions of law to the facts in issue under the assigned errors. This constitutes a waiver of the claimed error. *Poore* v. *Poore* (1955), 125 Ind. App. 392, 125 N. E. 2d 810.

As stated in *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, at page 566, 159 N. E. 2d 134, at page 139:

"Appellant's argument in this case does not 'affirmatively' show harmful error but simply casts before this court certain general contentions and abstract and incomplete legal pronouncements, with the apparent expectation that the court will rummage through the evidence and the decree of the trial court in quest of a suggested ground or reason for reversal of that court's determination of the action. We, of course, cannot assume the burden undertaken by and which rests upon the appellant.

"The argument portion of an appellant's brief must do more than set out appellant's unapplied statements, ideas or suggestions that the trial court has erred in certain mentioned respects. With the privilege of grouping, as provided for in said Rule 2-17(e), the argument should first direct the attention of the appellate tribunal to the particular assigned error, or to the particular specification in the motion for a new trial, as the case may be, upon which the appellant relies and intends to urge as an error warranting a reversal of the judgment appealed from. This should then be

followed by a concise statement of the basis of objection to the complained of ruling, *together with an exhibition of all pertinent points of fact and law sought to be presented and how they are applicable to the matter or particular error being discussed.*" (Emphasis supplied.) See also: *Wyman* v. *Turpen* (1962), 133 Ind. App. 135, 179 N. E. 2d 758; *Stafford et al.* v. *Searfoss, Executor etc.* (1960), 131 Ind. App. 274, 278, 170 N. E. 2d 252.

While it is the policy of this court to determine the causes before us upon the merits, if such can reasonably be done, the rules of the Supreme Court relating to matters to be contained in the appellant's brief must be substantially observed in order to present the question to the court. *Estate of Stuart et al.* v. *Kesterson et al.* (1959), 130 Ind. App. 130, 131, 159 N. E. 2d 321.

Where the appellant fails, as in the case before us, to present any error for review or question for decision, we have no recourse but to affirm the judgment of the trial court.

Judgment is, therefore, affirmed.

Cooper, C. J., Carson and Ryan, JJ., concur.

NOTE.—Reported in 188 N. E. 2d 547.