JOHNSON ET AL. *v.* HOOSIER CARDINAL CORPORATION

[No. 19,535. Filed April 18, 1963.]

*Lynnville G. Miles, Daniel F. Cummings* and *Stark, Miles, Pace, Agnew & Cummings,* of Indianapolis, for appellants.

*Isidor Kahn, Harry P. Dees* and *Kahn, Dees, Donovan, Kahn & Shrode,* of Evansville, for appellee.

CARSON, J.—This is an action begun by the filing of a complaint in the Superior Court of Vanderburgh County by eight plaintiffs in their own names and as representatives of a class. The defendant filed a demurrer to the third amended complaint alleging failure to state facts sufficient to constitute a cause of action. The memorandum in substance pointed out that this was not a proper class action.

From an examination of the appellants' brief, we are unable to find any assignment of error. Under the provisions of Rule 2-17(e) of the Supreme Court of Indiana it is provided that the brief shall contain:

"... a specification of such of the assigned errors as are intended to be urged, each cause in the motion for a new trial which is intended to be urged."

Substantial compliance with the rules concerning the preparation of briefs so that the court properly understands the questions sought to be presented is ordinarily sufficient. Flanagan, Wiltrout and Hamilton's, *Indiana Trial and Appellate Practice,* §2661 and cases cited. In the *Matter of the Estate of Stuart et al.* v. *Kesterson et al.* (1959), 130 Ind. App. 130, 159 N. E. 2d 321.

The failure of the appellants' brief to contain an assignment of error, as in many cases, is considered jurisdictional and would normally be the basis for dismissal. There is however in the appellants' brief a second and equally serious defect which we feel merits discussion at this point. In

the appellants' brief they set out the plaintiffs' third amended complaint in substance. The defendant below, the appellees herein, filed a demurrer to such third amended complaint.

We are at loss to understand how we can dispose of a ruling on a demurrer when the complaint is not set out in full. A demurrer which is based upon the failure of the complaint to state facts sufficient to constitute a cause of action, necessitates a consideration by this court of the complaint in its entirety. This we cannot do since as pointed out above the full complaint is not before court.

In the recent case, *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, 159 N. E. 2d 134, this court restated, affirming prior decisions, to the effect that Rule 2-17 (e) of the Supreme Court of Indiana has the force and effect of law and is binding upon the litigant and the court. The court further said that the burden is upon the appellant to establish by a brief which, alone and independently of the transcript, enables each judge of the court to intelligently consider the questions sought to be presented, citing *Dorsey* v. *State of Indiana* (1913), 179 Ind. 531, 100 N. E. 369 and *Barker, Gdn.* v. *Central Building & Loan Association* (1932), 94 Ind. App. 661, 663, 182 N. E. 90.

By failing to comply with the provisions of Rule 2-17 (e) of the Supreme Court of Indiana, and also to set out the complaint in full, the appellant has failed to furnish this court with a brief which would enable the court to intelligently consider the questions.

For the reasons above set out the judgment of the trial court is affirmed.

480

Judgment affirmed.

Cooper, C. J., Ryan and Clements, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 592.