HOWARD *v.* GERMAN.

[No. 20,091. Filed September 9, 1965. Rehearing denied October 20, 1965. Transfer denied January 26, 1966.]

*Wendell Martin,* of Indianapolis, and *John R. Hinshaw, George W. Hand,* and *Scotten & Hinshaw,* of New Castle, for appellant.

*Jerrald O. Finney,* of Anderson, *Bowen, Myers, Northam & Givan,* of Indianapolis, and *Robert F. Wisehart,* of Middletown, for appellee.

BIERLY, C. J.—Appellee commenced this action for damages for personal injuries resulting from a collision at a street intersection in Anderson, Indiana, on July 14, 1961, at approximately 1:00 o'clock A.M. The collision involved a motorcycle driven by appellee, German, and an automobile operated by appellant, Earl Eugene Howard.

Upon the issues formed by appellee's amended complaint and appellant's answer, the jury returned a verdict for the appellee and against the appellant in the sum of Thirty-one Thousand Dollars ($31,000.00). Consistent judgment was entered thereon.

Appellant assigns error as follows:

"1. That the Court erred in denying appellant's motion for change of venue from the county;

"2. That the court erred in denying appellant's motion for a new trial."

While appellant's assignment of error No. 1 would not be a valid assignment of error under Supreme Court Rule 2-6, as amended and effective on September 1, 1960, appellant actually argued this assignment of error as a specification under his motion for new trial and it is, therefore available for review.

It is our presumption that the trial court committed reversible error, thus our review will be confined to the action of the trial court in its ruling on appellant's motion for change of venue from the county.

Supreme Court Rule 1-12B, effective September 1, 1958 to July 1, 1964, provided, in part:

"In all cases where the venue of a civil action may now be changed from the judge or the county, such a change shall be granted upon the filing of an unverified application or motion therefor by a party or his attorneys: Provided, however, a party shall be entitled to only one change from the county and only one change from the judge.

". . . . Provided, that in event an application for a change of judge or change from the county is granted within said ten (10) day period, *a request for a change of judge or county may be made by a party still entitled thereto within ten (10) days after the special judge has qualified or the moving party has knowledge the cause has reached the receiving county or there has been a failure to perfect the change.*" (Our emphasis).

A summary of the proceedings in the trial court is as follows:

1. The issues were first closed on December 19, 1962.
2. Plaintiff-appellee filed his motion for change of judge on December 29, 1962.
3. The Special Judge assumed jurisdiction on January 12, 1963.
4. Defendant-appellant filed his motion for change of venue from the county on January 15, 1963.
5. Motion for change of venue from the county was granted on January 15, 1963, but the same was set aside on January 25, 1963, and a date was set for oral argument on the motion.
6. On March 12, 1963 appellant's motion for change of venue from the county was overruled and the cause was set for trial.

Appellant argues that under the requirements of Rule 1-12B he had ten (10) days after the special judge had qualified within which to file his motion for change of venue from the county; and, further, that the ten (10) days limitation set forth in Rule 1-12B does not refer to ten (10) days after the issues are first closed.

Appellee takes the position "that said motion for change of venue from the county was not timely filed for the reason that it was filed on the 15th day of January, 1963, more than ten (10) days after the closing of the issues by the filing of the appellant's answer on the 19th day of December, 1962. Thus, the ten-day period of time permitted by Rule 1-12B, Rules of the Supreme and Appellate Courts, had long since expired at the time of the filing of the motion for change of venue from the county."

Appellee cites the case of *State* v. *Laxton et al.* (1962), 242 Ind. 331, 178 N. E. 2d 901, in support of his argument. How-

ever, we are of the opinion that the *Laxton* case, *supra,* supports the position of appellant and is controlling herein.

The *Laxton* case, *supra,* was an action by the State of Indiana to condemn certain land owned by the appellees. In this case, the trial court overruled appellees' objections to the condemnation and appropriation of land and ordered the real estate condemned and, thereafter, appointed appraisers to assess the damages. On July 8, 1959, appellees filed, along with a motion to set aside the appointment and the award of the appraisers, and their exceptions to the appraisers' award, a motion for change of judge. Their motion for change of judge was granted and the special judge qualified and assumed jurisdiction on October 17, 1959. However, on July 18, 1959 appellant filed its motion for a change of venue from the county and this motion was filed at a time when said motion could not be called to the attention of the court because there was no judge available to whom it could be presented. Subsequently, appellant's motion was orally presented to the court and overruled on February 3, 1960. The appellees argued that the motion should have been filed within ten (10) days after the special judge qualified.

In reversing the action of the trial court in this case of *Laxton, supra,* our Supreme Court held:

". . . It thus appears that the special judge was not available for the presentation of plaintiff-appellant's motion for change of venue from the county within ten days after the special judge had qualified. It was never intended that a special judge could make ineffective the provision of Rule 1-12B by making himself unavailable to receive a motion for a change of venue from the county within ten days after he had qualified.

". . . .

"Further, the rule states that 'a request for change of judge or county *may* be made' within ten days after the special judge has qualified (Our italics). We do not construe this rule to mean that such request shall be filed only within this ten day period and not sooner. . . . The ten day period allowed by the proviso herein was for the purpose of pro-

tecting the rights of the party still entitled to a change of venue from the judge or county by giving him the same period of time within which to file his motion for a change as that allowed the other party. . . ."

Upon the language of the *Laxton* case, *supra*, and the *clear* and unambiguous phraseology of Rule 1-12B, it is apparent that appellant had ten (10) days after the special judge qualified and assumed jurisdiction within which to file his motion for a change of venue from the county. Inasmuch as appellant's motion was timely filed it should have been sustained and the action of the trial court in overruling the same was reversible error.

Judgment reversed.

Mote and Hunter, JJ., concur. Smith, J., concurs in result only.

### ON PETITION FOR REHEARING

BIERLY, C. J.—In his Petition for Rehearing, appellee asserts error in the opinion of this Court relative to the application of the change of venue statute and Supreme Court rules in the case at bar.

While we hold steadfast in that our opinion that the trial court committed reversible error in its ruling on appellant's motion for change of venue from the county, nevertheless, we are constrained to discuss more fully the change of venue rules of the Supreme Court applicable to the case at bar.

Supreme Court Rule 1-12B, effective September 1, 1958, and in full force and effect at the date of the filing of this action, provided in applicable part as follows:

"In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion therefor by a party or his attorneys: Provided, however, a party shall be entitled to only one change from the county and only one change from the judge.

". . . . Any such application for change of judge or change of venue shall be filed not later than ten (10) days after

the issues are first closed on the merits, or if the issues are closed without answer by operation of law, or where a cause is remanded for a new trial by the Appellate or Supreme Court, not later than ten (10) days after the party has knowledge the cause is ready to be set for trial. Provided, that in event an application for a change of judge or change from the county is granted within said ten (10) day period, a request for a change of judge or county may be made by a party still entitled thereto within ten (10) days after the special judge has qualified or the moving party has knowledge the cause has reached the receiving county or there has been a failure to perfect the change."

According to the record, the issues were closed December 19, 1962. Thereafter plaintiff-appellee, German, filed his motion for a change of venue from the judge on December 29, 1962, which date was the 10th day after the issues were closed.

During this 10-day period defendant-appellant exercised no right to file a motion for change of venue from the judge or from the county. In the meantime a special judge was appointed and assumed jurisdiction on January 12, 1963. By the logic of the situation, were defendant-appellant, in the exercise of his rights set forth in the rules, compelled to file a motion for change of judge or county within ten (10) days from the closing of the issues, should he ever desire to file such motion, anomalous proceedings would have resulted by having two motions filed for either change of judge or from the county, or one from the judge and the other from the county. Such an interpretation of the rules would lead to an incongruous dilemma.

Further, according to the record, on January 15, 1962, this being three days after the special judge assumed jurisdiction, defendant-appellant filed his motion for a change of venue from the county.

Defendant-appellant has filed no previous motion for a change from the judge or county, and as stated in the Rules was entitled "to only one change from the county and only one change from the judge."

It appears that the proviso last quoted in Rule 1-12B is abundantly clear and unambiguous as stated:

". . . that in event an application for a change of judge or change from the county is granted within said ten (10) day period, . . .,"

which was done, then the Rule continues,

"a request for a change of judge or county may be made by a party still entitled thereto . . .,"

as was the right of defendant appellant,

"within ten (10) days after the special judge has qualified"

which was done by defendant-appellant three days after the special judge had qualified.

In the construction of a statute or a rule, the words used are understood to have attributed to them their usual meaning unless it may be necessary to permit a differentiation in order that a proper context of the sentence or sentences may be ascertained.

Appellee further in his petition for rehearing chided this Court by charging error in its opinion by

"holding that the appellant had ten days after the special judge qualified and assumed jurisdiction within which to file his motion for a change of venue from the county. The Court thereby erroneously deciding a new question of law for the reason that neither the Laxton case, supra, nor any other case yet decided in Indiana, has ever specifically interpreted Rule 1-12B as to whether or not the obtaining of either a change of venue from the county or change of judge automatically gives the opposing party an additional ten days to obtain either of such changes in its own behalf or whether said rule should be interpreted to give the remaining party a right only to the same type of change (i.e., a change of county or change of judge) which the other party had obtained."

The Rules of the Supreme Court have the force and effect of law and bind litigants and also the appeal court. *Johnson et*

*al.* v. *Hoosier Cardinal Corp.* (1963), 134 Ind. App. 477, 189 N. E. 2d 592; *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, 159 N. E. 2d 134; *Harrell* v. *Harrell* (1957), 127 Ind. App. 443, 142 N. E. 2d 644; *Yiatros* v. *Cole* (1946), 117 Ind. App. 19, 68 N. E. 2d 657.

It is the policy of the Court to pass on matters properly presented. Hypothetical matters presented to the Court not germane to the case will not be considered.

By way of summarizing, we state that:

(1) Both appellant and appellee are entitled to a motion for a change of venue from the judge or county if timely filed;

(2) Appellee-plaintiff successfully filed a motion for a change of judge on the 10th day of the ten (10) days permitted after the closing of the issues;

(3) In the taking of the case from the regular judge, and the selection of a special judge, on the 10th day of the ten (10) day period permitted, posed a dilemma upon the defendant-appellant that was unforseeable for at least nine days of the ten (10) day period allowed for filing a motion for change of judge or county;

(4) The Rules have the force and effect of law unequivocally granted the defendant-appellant ten (10) days after the special judge had qualified.

In the case at bar Rule 1-12B, in our opinion, was followed and controlling.

Petition for rehearing denied. New trial ordered. Costs against appellee.

Mote, Smith, JJ., concur; Hunter, J., dissents with memorandum to follow.

### DISSENT

HUNTER, J.—Upon reconsideration of this appeal it is my opinion that this court was in error in reversing the trial court and that I was in error in concurring therein. In order

to state my reasons succinctly, the following chronological resume of the facts becomes important:

| | |
|---|---|
| December 19, 1962 | Issues closed. |
| December 29, 1962 | Appellee's Motion for Change of Judge (filed and sustained) |
| January 12, 1963 | Special Judge selected and Special Judge qualifies. |
| January 15, 1963 | Filing of appellant's motion for change of venue from county. |
| March 12, 1963 | Appellant's motion for change of county overruled. |
| March 12, 1963 | Special Judge fixes trial date (6/13/63). |
| June 13, 1963 | Special Judge impanels jury; cause submitted. |
| June 21, 1963 | Jury returns verdict. |
| July 18, 1963 | Appellant's motion for new trial filed. |
| August 30, 1963 | Special Judge overrules motion for new trial. |

Assuming the appellant was entitled to a change of venue from the county as of the date of the filing of his motion January 15, 1963, a serious question remains before this court, in view of the fact that this court's reversal of the court below was for the sole reason of the denial of the appellant's motion for a change of venue from the county.

The appellant's contentions, which were upheld by this court, in their legal effect may be summarized as follows: (1) that appellant had the right to submit the cause for trial before the special judge and jury and await the outcome without taking any action, prior to submission to correct the asserted error of the trial court's denial of a change of venue from the county; and (2) that appellant had the right to seek a favorable outcome on the merits, and at the same time have a right to set aside the determination if such was unfavorable to him.

The record in this appeal indicates the appellant made no objection to the submission of the cause for trial to a jury on June 13, 1963. Also, it is readily apparent from an examination of the chronological resume above that ninety-three (93) days elapsed from the date of the denial of the motion for a change March 12, 1963 to trial date June 13, 1963. During all of said time the appellant made no effort to seek an adequate and available remedy by way of a writ of mandamus and prohibition pursuant to Supreme Court Rules 2-35 and 1-12B.

Further, the record indicates the appellant was entirely content with the jury selected and impaneled to try the cause in the Henry Circuit Court and was at all times in all ways amenable to the trial of the cause in said court from and after the denial of the change of venue March 12, 1963 until after the verdict of the jury was returned June 21, 1963, one hundred and one *(101) days later.* Therefore, it appears to me that if the appellant's motion for a change of venue from the county was made in good faith he should have sought an available remedy to effect the change under Rule 2-35, *supra.* Moreover, the appellant never made as a matter of record, any objection whatsoever to the submission of the cause following the denial of the change March 12, 1963.

It would seem that the appellant should have taken some action, after the denial of his motion and before the submission of the cause to the jury, in order to preserve a record consistent with the allegations of his motion for a change of venue. His failure to do so amounted to laches and should be considered as a waiver of his right to object after the court and jury's determination. However, by this court's opinion we have announced as a principle of law that the appellant may preserve the question in a motion for new trial filed one hundred and thirty (130) days after the original denial of his motion for a change and after the determination of the court and jury was unfavorable to him.

It certainly should require no citation of authority to state that our statutes and Supreme Court rules conferring rights

to changes of venue from the county and the judge are only implementive of the constitutional right to a fair trial. The conferring of such legal rights provides a practical and efficient procedural vehicle for the guarantee to all litigants of the right to a fair trial before a fair and impartial tribunal. If such a reason is not the basis for the enactment and adoption of said rules then they are not premised on any logical rationale. However, as we view the factual situation presented by this appeal and our upholding the appellant's contentions in the reversal of the trial court, it would seem the logical rationale is made to disappear.

Thus it occurs to me that rules which afford the right to a fair trial before an impartial court and jury may be waived as a matter of law by the actual facts of the case such as here exist and are demonstrated by the record before us. Such a legal conclusion must be judicially indulged or we uphold the rules without a reason. When the reason for the rule disappears, the application of the rule should be withheld.

Therefore, to permit this appellant to waste the time and energies of the judge, twelve (12) jurors, a great number of witnesses, the lawyers, the court officers and court employees for a period of eight (8) days and then have this court call a foul, after the judgment was rendered against him, is to make a mockery of the rights conferred by the rule, especially so in view of the record in this appeal.

Our opinion in effect allows the use of rules established to guarantee a fair and impartial trial as a "second guessing" trial tactic by the application of the "hindsight" of a disappointed litigant. By so doing we approve the rule that the appellant *may* not only "have his cake and eat it," but that he *shall* "have his cake and eat it" too.

It is my belief that the appellant's laches in failing to pursue his legal remedy under rules 1-12B and 2-35, *supra,* and making no objection to the submission from the time of denial of his motion until after the jury's verdict one hundred and

one (101) days later, waived his right to challenge the jurisdiction of the Henry Circuit Court. The Henry Circuit Court as constituted by the special judge and jury had jurisdiction to try the cause; the appellant waived his right to challenge the verdict and judgment, and did in fact by his waiver confer jurisdiction in the trial court.

On the merits of this appeal, it is my opinion that the appellant has demonstrated his laches and waived his right to challenge the overruling of his motion for change of venue in a motion for a new trial. Further, the record indicates the appellant had a fair and impartial trial; and the law and the evidence supported the verdict and judgment in the court below.

Therefore, I would grant the petition for rehearing and affirm the judgment of the trial court.

For all of the foregoing reasons I dissent from the order and opinion denying the appellee's petition for rehearing.

NOTE.—Reported in 209 N. E. 2d 893. Rehearing denied, 210 N. E. 2d 870. Dissenting opinion 211 N. E. 2d 325.