AL WEBELER *v.* RAYMOND SCHOLLE.

[No. 170A9. Filed October 12, 1971.]

James T. Hooper, Sr., *Hooper and Hoffman*, of Lawrenceburg, for appellant.

Gerald H. Ewbank, Gary K. McCarty, *Ewbank and Meyer*, of Lawrenceburg, for appellee.

WHITE, J.—Plaintiff-appellee, Raymond Scholle, was riding in an automobile driven by defendant-appellant, Al Webeler. The automobile skidded on an icy spot on a country road in Ohio County, Indiana, and plaintiff was thrown from the car and injured. A trial without jury resulted in a judgment of $3,289.00 for plaintiff. Defendant's motion for new trial, which was overruled, asserts (1) the decision is not sustained by sufficient evidence, (2) the decision is contrary to law, and (3) the damages are excessive.

Defendant-appellant's briefs contain no attempt whatsoever to sustain his third ground. Consequently we shall not further concern ourselves with it nor with the evidence relative to injuries and damages.[1] As to the issues raised by

---

1. Defendant-appellant's reply brief challenges appellee's assertion that the issue of damages has been waived. Appellant points out that the new rules contain no equivalent of the old Rule 2-17(i)'s provision that "[e]rrors assigned and causes for new trial not treated as herein directed, shall be deemed waived." That omission may herald a greater tolerance of deviation from the prescribed manner for treating errors but there is no reason to suppose that it has dispensed with the necessity for some treatment. It is a fundamental to our system of adversary advocacy that the appellant carries the burden of sustaining his allegations of error. ". . . [T]he appellee is always entitled to an affirmance of the judgment in his favor, unless some error in the trial or decision is pointed out by the appellant. . . ." *Walls v. State* (1895), 140 Ind. 16, 23, 38 N.E. 177. "An attempt should be made [in an appeal brief] to

defendant-appellant, the evidence most favorable to the plaintiff-appellee supports the following version of the facts:[2]

The plaintiff-appellee is engaged in the real estate business in Lawrenceburg, Indiana. On the morning of Saturday, December 29, 1962, he received a telephone call at his real estate office from defendant in Cincinnati, Ohio, asking to be shown farms for sale in the Lawrenceburg area. Plaintiff suggested the roads were hazardous that day (because of snow and ice) but defendant replied that he had to get a farm right away to keep some recently purchased horses. Plaintiff then agreed to a meeting in his office as soon as defendant could drive from Cincinnati.

Defendant was a trucking firm regional manager at the firm's Cincinnati terminal. He and plaintiff had had no prior acquaintance. When he arrived at plaintiff's office he refused plaintiff's offer to drive him in plaintiff's car and insisted on driving his car, mentioning that it was equipped with snow tires.

Except for four-lane east-west U.S. Highway No. 50, defendant was not acquainted with the roads in the area. Plaintiff directed him in driving to several farms in Dearborn and Ohio Counties during which time he warned defendant several times to slow down because of icy spots on the road. Immediately before the accident, when defendant was driving at a speed of approximately forty miles per hour, plaintiff said to defendant

> ". . . 'We are coming to a slope and a hill so you had better slow down' and he made the remark to me—'Well, I've driven twenty-eight years without a wreck and I think I know how to drive', and then we came onto this slope. Oh, this slope I would say was about a block long, and then

show why the judgment of the court below should be reversed or affirmed." *Gardner v. Stover* (1873), 43 Ind. 356, 357. "The fundamental purpose of any brief is to elucidate to the court. . . . It is incumbent upon the appellant to affirmatively show harmful error. . . ." *Wyman v. Turpen* (1962), 133 Ind. App. 135, 136, 179 N.E. 2d 758.

2. We look to the evidence most favorable to appellee to determine whether there is substantial evidence of probative value or reasonable inferences therefrom to sustain the decision of the trial court. *Palmer v. Decker* (1970), 253 Ind. 593, 255 N.E. 2d 797, 798, 20 Ind. Dec. 439.

we came onto the hill and when we came to the hill the snow had melted and run down and was nothing but a solid glare of ice, and the car started sliding and he cut it left to cut it into the bank on the upper side and the front right bumper—the back end slid around a little, and the right front bumper hit the heaviest into the bank and threw me out of the car and I went sliding down the road and the car slid on around then and came backwards down the hill towards me. When the car got stopped it was about two feet from me. I had my hand laid up on the back door."

Defendant-appellant contends plaintiff was his guest within the meaning of the Guest Statute[3] and that the evidence is insufficient to sustain a finding of "wanton or wilful misconduct" on his part. He quotes as the guiding rule for determining whether an injured rider is a "passenger" or a "guest" the following from *Liberty Mutual Insurance Company* v. *Stitzle* (1942), 220 Ind. 180, 185, 41 N. E. 2d 133:

"The word 'guest' has more of social than business significance. The words 'without payment for such transportation' imply some valuable consideration for the ride. The presence of the person injured must have directly compensated the owner or operator in a substantial and material way. If the trip is primarily social, incidental benefits though monetary do not exclude the guest relationship. If the trip is primarily for business purposes and the one to be charged receives substantial benefit, though not payment in a strict sense, the guest relationship does not exist. Expectation of a material gain rather than social companionship must have motivated the owner or operator in inviting or permitting the other person to ride. . . .

"We do not consider the mere possibility of benefit sufficient to exclude the guest relationship. Some courts have said it must be 'tangible and direct.' The words imply reality, not potentiality. Courts should not be required to search for a

3. IC 1971, 9-3-3-1 (formerly Ind. Acts 1929, ch. 201, § 1, as amended by Ind. Acts 1937, ch. 259, § 1), also Ind. Ann. Stat. § 47-1021 (Burns 1965), reads:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or willful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle."

benefit. If it is not apparent then it can hardly be said to be substantial or material."

Defendant contends that it was mere socialibility that motivated him to invite plaintiff to ride in his car and contends that defendant received no material benefit. Without deciding whether the evidence might have supported such an implied finding had the trial court decision been for defendant, we are convinced that the facts we have recited support the conclusion that the trip was for business purposes and that defendant did receive a substantial material benefit. The mere fact that his intended purpose of acquiring a farm did not reach fruition does not detract from the benefit he did obtain, which was the opportunity to view farms which were for sale, the suitability of which he presumably could not determine without such viewing—at least he was highly desirous of seeing them for that purpose. The plaintiff also had substantial benefit involved in the potential opportunity to earn a sales commission.

The *Liberty Mutual* case, *supra,* involved similar benefits mutual to defendant and her passengers, one of whom was injured while they were on their way to the Chicago wholesale furniture markets. The passengers were sales persons who could have obtained for defendant access to the markets where she had anticipated selecting, with their help, furniture which they would then sell to her. Of such arrangement Judge Richman's opinion says: "We cannot say as a matter of law that this was not such a substantial, material benefit to her [defendant] as to pay her for their transportation."[4] (220 Ind. at 188.)

---

4. In *Allison* v. *Ely* (1960), 241 Ind. 248, 264, 170 N.E. 2d 371, the Supreme Court (two judges dissenting) did say that as a matter of law the evidence was insufficient to sustain a finding that plaintiff was a fare-paying passenger even though there was some evidence of a mutual saving of time and expense and of elimination of inconvenience. The basis of that decision was that the only inference which could reasonably be drawn from the evidence lead to the conclusion that the trip was purely social and no material gain was anticipated. That opinion, however, did not question the apparent business purpose of the trip in *Liberty Mutual* and no one can fail to recognize the abundant evidence of it here.

Having determined that if the trial court's general finding for plaintiff implies a finding that plaintiff was not a "guest", such implied finding is sustained by the evidence, we need not concern ourselves with whether the evidence is sufficient to sustain an implied finding that plaintiff's injury was the proximate result of wilful or wanton misconduct on defendant's part. We think it quite apparent that the court could have found that defendant was at least negligent and negligence is sufficient to create liability to a passenger.[5]

The judgment is

Affirmed.

Hoffman, C. J., Sharp and Staton, JJ., concur.

NOTE.—Reported in 273 N. E. 2d 764.

5.   *Ott* v. *Perrin* (1945), 116 Ind. App. 315, 320, 63 N. E. 2d 163, 166.